Louis T. JOHNSON, Appellant,

v.

Joseph S. PETROVSKY, Warden, F.C.I.,
Sandstone, Minnesota, Appellee.

No. 80–1072.

United States Court of Appeals,
Eighth Circuit.

Submitted July 21, 1980.

Decided July 28, 1980.

Louis T. Johnson, pro se.

Thomas K. Berg, U. S. Atty. and Ann D. Montgomery, Asst. U. S. Atty., Minneapolis, Minn., for appellee.

Before ROSS, HENLEY and McMILLIAN, Circuit Judges.

PER CURIAM.

Louis T. Johnson pled guilty to the illegal possession of firearms under 18 U.S.C. §§ 922(h) and 924(a), and was sentenced to five years imprisonment by the United States District Court for the District of Minnesota. Johnson sought post conviction relief under 28 U.S.C. § 2255 alleging:

1) that his guilty plea was involuntarily and unlawfully induced;

2) that the existence of two different statutes, 18 U.S.C. § 922(h) and 18 U.S.C. App. § 1202(a), which address the same conduct but prescribe different penalties, rendered his conviction under the more stringent statute constitutionally invalid;

3) he was denied effective assistance of counsel.

The district court denied Johnson's petition on the merits. He did not appeal from this judgment but instead applied for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, relying on the same three allega-

tions and adding a fourth: that his conviction was the result of the use of evidence obtained by means of an illegal search and seizure. Habeas corpus was denied and Johnson brings this appeal.

 We agree with the district court that Johnson's petition for habeas corpus should be denied for the following reasons. First, a sentencing court's denial of a section 2255 motion on the merits bars a prisoner from applying for a writ of habeas corpus on the same grounds unless section 2255 is shown to be an inadequate or ineffective remedy. 28 U.S.C. § 2255. Johnson made no such showing and is therefore precluded from seeking relief under section 2241.

Second, even when viewed in light of the liberal construction traditionally given pro se petitions, *see Hill v. Wyrick*, 570 F.2d 748, 751 (8th Cir.), *cert. denied*, 436 U.S. 921, 98 S.Ct. 2272, 56 L.Ed.2d 764 (1978); *Wilwording v. Swenson*, 502 F.2d 844, 847 n.4 (8th Cir. 1974), Johnson's second motion is, in substance, merely another section 2255 motion. A court is not bound to entertain successive motions for similar relief. 28 U.S.C. § 2255. In *Sanders v. United States*, 373 U.S. 1, 9, 83 S.Ct. 1068, 1074, 10 L.Ed.2d 148 (1962), the Supreme Court held that "nothing in § 2255 requires that a sentencing court grant a hearing on a successive motion alleging a ground for relief already fully considered on a prior motion and decided against the prisoner." Thus the district court's decision was correct as to the first three allegations.

The only issue not previously heard and determined on the merits was Johnson's fourth allegation challenging the validity of the search and seizure. Fourth amendment violations are cognizable under section 2255 rather than section 2241. *See Kaufman v. United States*, 394 U.S. 217, 231, 89 S.Ct. 1068, 1076, 22 L.Ed.2d 227 (1969). But even under section 2255 Johnson's claim would fail since a voluntary guilty plea effectively

waives all nonjurisdictional defects. *See United States v. Petrangelo*, 599 F.2d 261, 262 (8th Cir. 1979); *Tucker v. United States*, 470 F.2d 220, 222 (8th Cir. 1972), *cert. denied*, 412 U.S. 929, 93 S.Ct. 2758, 37 L.Ed.2d 157 (1973). Assuming that Johnson's guilty plea was voluntary,[1] he is effectively barred from challenging the validity of the search and seizure.

The judgment of the district court is affirmed.

---

1. A careful examination of the record clearly refutes Johnson's contention that his guilty plea was involuntarily induced. The district court correctly upheld the validity of Johnson's guilty plea in its denial of the section 2255 motion.