**UNITED STATES of America, Appellee,**

v.

**Philip NORMAN, Appellant.**

**No. 85–1393.**

United States Court of Appeals, Eighth Circuit.

Submitted June 10, 1985.

Decided July 10, 1985.

Rehearing Denied Aug. 16, 1985.

Stephen M. Watson, Omaha, Neb., for appellant.

Stephen D. Anderson, Asst. U.S. Atty., Neb., for appellee.

Before McMILLIAN and FAGG, Circuit Judges, and WOODS,* District Judge.

PER CURIAM.

Phillip Norman appeals his conviction after a guilty plea for conspiracy to distribute cocaine, marijuana, and other controlled substances in violation of 21 U.S.C. § 846. Norman claims that his right to due process was violated by preindictment delay, that his plea was involuntary, and that he should receive credit on his sentence for time already served in Florida on another conviction. We find his claims without merit and affirm the conviction.

Norman first claims that his right to due process was violated by a nineteen month delay between the time the United States initiated its investigation of Norman and his confederates and Norman's indictment. Since Norman makes no complaint about the competency of the advice he received from his trial attorney, Norman's plea of guilty precludes his assertion of this claim on appeal. *E.g., Smith v. United States,* 677 F.2d 39, 40 (8th Cir.1982) (per curiam). Even if this claim was properly before us, we note that Norman does not claim that any specific prejudice resulted from the delay, or that the delay was deliberate, or that the United States may have gained any tactical advantage in its

---

* The Honorable HENRY WOODS, United States District Judge for the Eastern District of Arkansas, sitting by designation.

case against Norman. *See United States v. Carlson,* 697 F.2d 231, 236 (8th Cir.1983).

■ Second, Norman claims that he should be allowed to withdraw his guilty plea because it was based on his mistaken belief that he could appeal the pre-indictment delay issue despite a guilty plea and because the trial judge declined to follow the United States' recommended plea agreement. We are satisfied that the district court substantially complied with the requirements of Fed.R.Crim.P. 11 in accepting Norman's plea. Since the plea agreement was of the type specified in Rule 11(e)(1)(B), the district court informed Norman that the court was not bound by the recommendation contained in the agreement and also admonished him that he would have no right to withdraw the plea. *United States v. Missouri Valley Construction Co.,* 704 F.2d 1026, 1028–29 (8th Cir.1983). The dialogue between Norman's counsel and the district court does not support Norman's contention that the court misled him concerning his rights to appeal. Norman's counsel presented, near the end of the change of plea hearing, a motion to certify Norman for in forma pauperis status for the purposes of an appeal. The district court merely commented that it would be more appropriate to consider the motion after sentencing because "an appeal would be premature until then." Norman also acknowledges in his brief that he made the decision "to not withdraw the plea of guilty" with knowledge that an appeal may not be available. We are satisfied that the plea was made voluntarily and intelligently.

■ Finally, Norman contends that he should receive credit under 18 U.S.C. § 3568 on this drug conviction for time spent in a Florida prison on a counterfeiting conviction. Only the Attorney General has the authority to grant this request. *See id.; Chua Han Mow v. United States,* 730 F.2d 1308, 1313 (9th Cir.1984).

The judgment of the district court is affirmed.