**Michael BOUNOS, Plaintiff,**

v.

**A.F. BEELER, Warden, MCC Chicago, Defendant.**

**No. 88 C 7922.**

United States District Court, N.D. Illinois, E.D.

Sept. 22, 1988.

James W. Reilley, James W. Reilley & Assoc., Des Plaines, Ill., for plaintiff.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Michael Bounos ("Bounos") has just filed a motion under 28 U.S.C. § 2255 ("Section 2255") against Chicago Metropolitan Correctional Center Warden A.F. Beeler, seeking to contest the Bureau of Prisons' refusal to credit Bounos with 73 days of time served at Cook County Jail from June 25 through September 5, 1988, a period during which he was (as he now is) under a nine year and 310 day custody sentence imposed by former Judge Susan Getzendanner of this District Court in a narcotics case (80 CR 718). For the reasons stated in this memorandum opinion and order, Bounos' motion is dismissed summarily under Rule 4(b) of the Rules Governing Proceedings in the United States District Courts under Section 2255.

Bounos' claim is fully stated in Exhibit A to his Section 2255 motion. Rather than recasting his succinct statement of the facts, this opinion simply attaches and adopts Exhibit A itself—in part because this Court is bound to accept Bounos' factual assertions for current purposes.

Two reasons bar the relief sought by Bounos. Though the first might perhaps be inapplicable under Bounos' circumstances, the second is unassailable. Neither requires extended discussion.

■ Because of the date of Bounos' conviction, the now-superseded version of 18 U.S.C. § 3568 ("Section 3568") controls this case. In relevant part that version of Section 3568 reads:

The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed.

Although our own Court of Appeals does not appear to have dealt with the issue, uniform case law elsewhere holds that the statutory language requires that a prisoner exhaust his administrative remedies before he can come into court. That requirement is grounded in the fact that under the second sentence of Section 3568 it is the Attorney General who is required to calculate and apply the credit involved. Such cases as *Chua Han Mow v. United States,* 730 F.2d 1308, 1313–14 (9th Cir.1984) and cases cited there explain the principle and hold that the prisoner must first follow the Bureau's Administrative Remedy Procedure under 28 C.F.R. §§ 542.10–542.16 before he can bring a Section 2255 lawsuit; accord, such other cases as *United States v. Norman,* 767 F.2d 455, 457 (8th Cir.1985) (per curiam).

It might perhaps be argued that any such resort to administrative remedies would be futile in light of the short time remaining between now and Bounos' extended release date of November 20, 1988 —by the time Bounos would be able to go through the administrative process, that date could have arrived, thus rendering the matter moot as to any relief other than possible damages. That question need not be decided, however, because an independent ground certainly defeats Bounos.

■ As Ex. A reflects, Bounos contends that the federal hold lodged against him June 25 "prevent[ed] his release regardless of whether the defendant posted the State bond." But the controlling fact is not the potential but the *actual* effect of the federal hold. Bounos' own statement establishes that his 73 days in state custody until September 5 were really spent on the state charge (not on his federal sentence) and were occasioned by his having to raise funds to post the 10% deposit on the $1 million bond set by the state court judge. Under those circumstances he is not entitled to credit against his federal sentence during that period, for the existence of the federal hold made no difference at all until he did raise the bond on September 5.

*United States v. Dovalina,* 711 F.2d 737, 740 (5th Cir.1983) (citations omitted) states the applicable rule in a legally parallel situation:[1]

> Credit for state incarceration is given pursuant to 18 U.S.C. § 3568 only when it "was exclusively the product of such action by federal law-enforcement officials as to justify treating the state jail as the practical equivalent of a federal one." ... If Dovalina's release on state bail while his state charges were pending had been prevented solely because of a federal detainer, he would be entitled to credit toward his federal sentence, provided he was not given credit on his state sentence for that time.... "Moreover, the burden is on the petitioner to show that this is the case." ... Dovalina has not alleged that the state denied him credit for his presentence jail time. Furthermore, the record shows that Dovalina's attempted murder charge was nonbailable; he also was the subject of pending charges of delivery of heroin, aggravated robbery, and auto theft, on which high bail was set. Thus, Dovalina has not met his burden to show any facts that would entitle him to credit for state time served.

Accord, *United States v. Haney,* 711 F.2d 113, 114–15 (8th Cir.1983) (stating the identical principle, though in that case the government failed to show that the state custody was *not* affected by the existence of the federal hold).

Because the facts defeating Bounos' claim emerge from his Section 2255 motion itself, "it plainly appears from the face of the motion ... that the movant is not entitled to relief in the district court" (Rule 4(b)). Accordingly the motion is summarily dismissed.

### EXHIBIT A

1. On August 27, 1982, the defendant was sentenced to 5 years incarceration by the Honorable Judge Bua in Case No. 80 CR 490–4 after a conviction for Conspiracy to Possess Cocaine. This sentence was to run concurrently with that imposed by Judge Getzendanner in Case No. 80 CR 718–3, with 5 years probation to run consecutively to Judge Getzendanner's sentence.

2. On December 15, 1982, the Defendant was sentenced to 10 years incarceration by Judge Getzendanner in Case No. 80–CR–718–3 after a plea of guilty to Conspiracy to Import/Distribute Cocaine, with 5 years probation to follow. The 10 year sentence was later modified to 9 years and 310 days.

3. The defendant was residing in a Community Treatment Center and due to begin his term of mandatory supervised release on September 2, 1988. The release date was later advanced to September 14, 1988.

4. On June 25, 1988, the defendant was arrested and charged by the State of Illinois with Possession of a Controlled Substance with Intent to Deliver. Bond was set by a Cook County Court at $1,000,000.00 (10%). The defendant was incarcerated at Cook County Jail from June 25, 1988 to September 5, 1988. Also on June 25, 1988, a "Federal Escape Hold" was lodged against the defendant, thus preventing his release regardless of whether the defendant posted the State bond.

5. On September 5, 1988, the defendant posted bond in the State matter and was transferred to the Metropolitan Correctional Center, where he remains.

6. The Federal Bureau of Prisons has classified the 73 days the defendant spent in Cook County Jail under a Federal Hold as "inoperative time" and have advanced his release date to November 26, 1988, at which point his period of mandatory supervised release is to commence.

---

1. Though Dovalina's state charge of attempted murder was nonbailable, the principle is identical where (as here) the offense is bailable but the time Bounos was forced to spend in state custody was directly attributable to his inability to raise the very high bond at an earlier date.