UNITED STATES of America, Plaintiff,

v.

Helmer MOSQUERA,
Defendant, pro se.

Crim. A. No. 84–407–C.

United States District Court,
D. Massachusetts.

Oct. 3, 1988.

MEMORANDUM

CAFFREY, Senior District Judge.

In this case, on remand from the United States Court of Appeals for the First Circuit, the Court must consider two post conviction motions filed by the defendant, Helmer Mosquera. The Court must also consider three additional motions filed by the defendant subsequent to the Court of Appeals' decision to remand this case.

The defendant pled guilty to one count of conspiracy to possess with intent to distribute cocaine and one count of possession with intent to distribute cocaine. In June of 1985, the defendant was sentenced to seven years on both counts, the sentences to run concurrently, and a $25,000 fine.

On April 22, 1987, the defendant, pro se, filed a "Motion for Appropriate Relief." In that motion, the defendant claimed that his presentence report ("PSR") contained erroneous information which was not shown to him or his attorney prior to sentencing. The defendant further argued that the inaccurate information resulted in an unduly harsh sentence being imposed and was prejudicing him with respect to parole. In a second motion, filed on June 9, 1987, the defendant requested the return of a car that had been seized by Drug Enforcement Agency ("DEA") agents several days after the defendant's arrest. This Court denied both of these motions, and also denied defendant's request for reconsideration of the motion for appropriate relief.

The defendant appealed the decision to the U.S. Court of Appeals for the First Circuit. The Court of Appeals decided to remand the case so that this Court could more fully address the factual disputes underlying the defendant's claims regarding the PSR and the seizure of the vehicle. *United States v. Mosquera*, 845 F.2d 1122 (1st Cir.1988).

Subsequent to the Court of Appeals' decision, the defendant, pro se, filed three additional motions. The first motion is a motion for correction or reduction of sentence, pursuant to Fed.R.Crim.P. 35. The second motion is a motion for injunction against the DEA regarding the seized vehicle. The final motion is a new motion for appropriate relief, which substantially duplicates the defendant's original motion for appropriate relief. We will deal with the two motions on remand before addressing these additional motions.

In his original motion for appropriate relief, the defendant claims that the PSR he was shown before sentencing did not contain the prosecution's statement of facts.[1] The defendant claims that he did not see the prosecution version until March, 1987. He specifically challenges information in the report which reads:

---

1. It is not disputed that the defendant was shown a copy of the PSR prior to sentencing. The transcript of the sentencing hearing shows that defendant had been given a chance to review the PSR. Indeed, attached to the front of the defendant's PSR (Government Exhibit A) is a notice signed by the defendant and his counsel indicating that they had both read the report.

The signature of defendant's retained counsel is dated June 15, 1985, the day of the sentencing hearing.

The defendant, instead, claims that he and his counsel were either provided with an incomplete copy of the PSR, not including the government's statement of facts, or that the PSR was changed after they read it.

"The Rodriquez/Mosquera organization sold and distributed on average two and three kilograms of cocaine weekly...." The defendant argues that this information is inaccurate, and that he was unable to challenge it before sentencing because it was not included in the PSR at the time he was shown the report. According to the defendant, this information is prejudicing him with respect to parole, and he requests that all references to any quantity greater than a trace be removed from the PSR.

Under Fed.R.Crim.P. 32(c)(3), the court must allow the defendant and the defendant's counsel to read the PSR (exclusive of the prosecution's recommendations as to sentence) "at a reasonable time before imposing sentence." *United States v. Mays*, 798 F.2d 78, 79–80 (3d Cir.1986). The court must also provide them with an opportunity to challenge information in the report before sentencing. If the defendant's claims were true, therefore, the alleged omission in the PSR would constitute a violation of Fed.R.Crim.P. 32(c)(3).

At the September 21 hearing on all five of defendant's motions,[2] the government called as one of its witnesses the probation officer who prepared the defendant's PSR in June of 1985. The probation officer testified that the PSR is presently in the same condition it was in when the defendant and defendant's counsel reviewed and signed the PSR prior to sentencing. The probation officer further testified that two changes were made in the report at the time of sentencing, and that no subsequent changes or additions have been made to the report.

■ In addition to his testimony regarding the condition of the PSR at the time of sentencing, the probation officer also offered testimony clarifying language in the PSR that the defendant had relied on to establish the alleged omission in the report. The defendant's motion refers to a statement in the report that supposedly bolsters his claim as to the Rule 32(c)(3) violation:

"The defendant has not seen the government's statement of the facts and cannot, therefore, acknowledge or dispute any assertions contained in it which differ from those made in Court." The probation officer explained that this language was part of the defendant's statement at the time the officer prepared the PSR, not at the time just prior to sentencing. Though the defendant may not have seen the government's statement of facts before his own statement was taken for the PSR, this has no bearing on the issue of what the defendant was shown prior to sentencing. The key time specified in Rule 32(c)(3) is "before sentencing," not before the PSR is prepared.

We have no reason to doubt the credibility of the government's witness regarding the condition of the PSR at the time the defendant and his attorney were allowed to review and challenge the report prior to sentencing. This is especially true given the probation officer's persuasive clarification of the defendant's statement in the PSR regarding the prosecution version. The defendant has failed to provide any convincing evidence to support the alleged incompleteness of the PSR prior to sentencing. It is also difficult to imagine how the prosecution version could have been added to the PSR after the sentencing, given that it is located between two other portions of the report on numbered pages. Furthermore, it is highly unlikely that defendant's retained counsel would have reviewed and signed off on the PSR before sentencing without noticing or objecting to an absence of the government's statement of facts.

For the above reasons, this Court finds that the present PSR, with its reference to sales of two to three kilograms of cocaine weekly, was what the defendant and his counsel were furnished with prior to sentencing. Accordingly, the defendant's April 22, 1987 motion for appropriate relief should be denied.

---

**2.** It should be noted that the defendant was present at this hearing and was given an opportunity to be heard on all of his pending motions. This Court afforded defendant the opportunity to raise every claim he desired, question witnesses, and submit evidence on any of his claims.

The second motion to be considered on remand is the defendant's motion for the return of property. This motion challenges the DEA's 1985 seizure of the defendant's 1984 Chevrolet Corvette Coupe pursuant to 21 U.S.C. §§ 881(a)(4) and (b). The defendant claims that the seized vehicle had not been purchased with the proceeds of illegal activity and was not used to facilitate the sale, receipt, possession, or concealment of controlled substances, and therefore was not legitimately subject to forfeiture. He further claims that the government failed to provide him with notice of the seizure sufficient to satisfy due process concerns.

At the September 21 hearing, the government offered into evidence numerous documents relevant to the seizure of the defendant's car. A keeper of records with the DEA also testified as to the nature of the documents and DEA's administrative forfeiture proceedings. Among the documents are copies of an application for a seizure warrant, signed by an Assistant U.S. Attorney, with a supporting affidavit ("the Affidavit"), both dated June 15, 1987. A copy of the seizure warrant is included as Government Exhibit C 1. The warrant is signed by a U.S. Magistrate who determined that probable cause existed to seize the vehicle, based on the fifteen-page Affidavit.

█ It is clear from the statements made in the Affidavit that the government had probable cause to seize the defendant's car, sufficient to satisfy 21 U.S.C. § 881(b)(4). Under that provision, the government need only have "probable cause to believe that the property has been used or is intended to be used in violation of" the drug enforcement laws. Based on the electronic surveillance of wire communications and undercover surveillance involving the defendant's activities, described in the Affidavit, the requisite probable cause existed to support the government's seizure of the defendant's car. Though the defendant was given an opportunity to introduce any evidence at the hearing to challenge the

government's probable cause, he failed to do so.

█ The defendant also attacks the seizure on the basis of insufficient notice. In his motion for the return of property, the defendant claims that he never received notice of the DEA's administrative forfeiture proceedings or filed a petition for remission with the DEA. The government, however, has offered into evidence, documents establishing that notice in the present case satisfied the minimal requirements of due process. *See Willis v. United States*, 787 F.2d 1089, 1093 (7th Cir. 1986).

The government submitted as Exhibit B a number of DEA documents. Among those documents is a copy of a July 26, 1985 DEA notice of intent to administratively forfeit defendant's vehicle, sent by certified mail to defendant's Brookline address. The notice was prepared by an official within the Asset Forfeiture Unit of the DEA's office of Chief Counsel. The documents also include a copy of a Federal Express correspondence, dated August 27, 1985, by the defendant's wife, addressed to DEA's Office of Chief Counsel. The correspondence includes a petition for remission and/or mitigation, along with an affidavit of indigency. The petition for remission states that defendant's wife was acting as his duly authorized agent, under a power of attorney granted to her by the defendant.[3] The defendant claims, however, that he granted his wife power of attorney only for certain purposes, but not to act as his agent regarding the seizure of the car. This tenuous argument fails to persuade the Court that the actual notice of seizure on defendant's wife, evidenced by her correspondence with DEA, failed to satisfy the due process requirements in the present case.

Based on the documents submitted by the government at the hearing, and the testimony of the government's witnesses, this Court finds that probable cause existed to support the seizure of defendant's car,

---

**3.** The DEA denied the petition for remission in an October 31, 1985 notice addressed to the defendant's wife, Gail Mosquera.

and that sufficient notice existed as to the DEA's administrative forfeiture proceedings. Accordingly, defendant's motion for the return of property should be denied.

The next motion to be dealt with is defendant's motion for the correction or reduction of sentence pursuant to Fed.R. Crim.P. 35. The version of the rule applicable to offenses committed before November 1, 1987, as in the present case, is that version in effect prior to the extensive Rule 35 amendments which became effective November 1, 1987.

█ The pre-amendment version of Rule 35(a) dealt with the correction of illegal sentences and sentences imposed in an unlawful manner. Neither of these situations is at all relevant to the present case, and therefore the defendant cannot be granted relief under subsection (a). Rule 35(b) also cannot be invoked by the defendant as a vehicle for relief as the time limitations expressly stated in the Rule have not been met in this case. Even if the time limitations posed no problem here, the Court sees no good reason why it should be moved to leniency regarding the defendant's original sentence. The information upon which the defendant was sentenced has not been successfully challenged by the defendant in this proceeding. Defendant's motion for the correction or reduction of sentence should be denied.

The next motion before the Court is defendant's motion for injunction. In this motion, defendant requests the Court to enjoin the DEA from "disposing of, selling, using, or otherwise transfering [sic] ownership of the vehicle which is the subject of the seizure...." The injunction was sought for the period prior to this Court's decision regarding the propriety of DEA's seizure of defendant's car.

█ Though defendant's request for an injunction was not moot at the time he filed his motion or at the time of the hearing, the defendant failed to carry the burden of showing that equitable relief was neces-

sary in this case.[4] It is well-established that the party moving for an injunction carries the burden of establishing that equitable relief is necessary under the circumstances. *See Olagues v. Russoniello,* 770 F.2d 791, 799 (9th Cir.1985) ("although a case may not be moot, a plaintiff has the burden of showing that equitable relief is necessary"). The moving party must establish that irreparable injury will result if an injunction is not granted, and that no adequate legal remedy is available. *Parma v. Levi,* 536 F.2d 133, 135 (6th Cir. 1976).

The defendant clearly did not carry this burden. He failed to address both in his motion and at the hearing why monetary damages would not be fully adequate in the event the Court ruled in his favor on the administrative forfeiture issue. There is nothing in the record to indicate that the subject of the seizure, the 1984 Corvette Coupe, is in any way unique, the deprivation of which would cause the defendant irreparable injury. We cannot imagine, even if we were to reach beyond the pleadings, how any possibility existed for irreparable injury in this case, given the subject of the forfeiture.

Based on the above, the defendant's motion for injunction should be denied.

The final motion before this Court is defendant's August 15, 1988 "Motion for Appropriate Relief." Given that this motion in substance merely duplicates the defendant's original motion for appropriate relief, it should be denied along with that motion. Furthermore, 28 U.S.C. § 2255 states that the sentencing court should not be required to entertain a second motion for similar relief on behalf of the same defendant. *See, e.g., Johnson v. Petrovsky,* 626 F.2d 72, 73 (8th Cir.1980) ("[a] court is not bound to entertain successive motions for similar relief").

In conclusion, both of defendant's post conviction motions which we have considered on remand and his three subse-

---

**4.** Given that defendant's motion for injunction can be denied on this basis alone, we do not reach the question of whether an injunction

against the DEA would otherwise be a proper form of relief.

quent motions are without merit and should be denied.

Order accordingly.

## ORDER

In accordance with memorandum filed this date, it is ORDERED:

1. Defendant's April 22, 1987 "Motion for Appropriate Relief" is denied.

2. Defendant's June 9, 1987 motion for the return of property is denied.

3. Defendant's June 23, 1988 motion for the correction or reduction of sentence is denied.

4. Defendant's August 15, 1988 motion for injunction is denied.

5. Defendant's August 15, 1988 "Motion for Appropriate Relief" is denied.