**UNITED STATES of America**

v.

**Brian YEARWOOD.**

**Crim. A. No. 87–528.**

United States District Court,
E.D. Louisiana.

June 8, 1989.

Lawrence Benson, Asst. U.S. Atty., New Orleans, La., for U.S.

Irving J. Warshauer, Kierr, Gainsburgh, Benjamin, Fallon, David & Ates, New Orleans, La., for defendant.

## ORDER AND REASONS

MENTZ, District Judge.

Defendant, Brian Yearwood, filed a Motion for Correction of Sentence Pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure. On March 2, 1988, Yearwood pled guilty to a violation of 21 U.S.C. § 841(a)(1), possession with intent to distribute cocaine, a schedule II narcotic drug. Yearwood's crime occurred on October 28, 1987, and carried a maximum penalty of twenty years imprisonment and a fine of one million dollars, or both. The Court sentenced Yearwood to two and one-half years imprisonment with three years supervised release, and a $50.00 special assessment. Yearwood contends that the Court erred by imposing a period of supervised release and the special assessment.

Fed.R.Crim.P. 35 was amended by the Comprehensive Crime Control Act of 1984, effective November 1, 1987. Under the new Rule 35, the Court can correct a sentence only on remand from the appellate court or upon motion of the government. Under the old Rule 35, the Court had authority to correct an illegal sentence at any time. As Yearwood committed his crime prior to November 1, 1987, the old Rule 35 applies. *See United States v. Mosquera*, 695 F.Supp. 1353 (D.Mass.1988); Rule 35, Editorial Notes at 117–118 (West 1988).

Yearwood correctly argues that the Court did not have authority to impose a term of supervised release. Yearwood was

sentenced under § 841(b)(1)(C), the penalty provision for possession with intent to distribute 10 ounces of cocaine. For crimes committed prior to November 1, 1987, § 841(b)(1)(C) mandated a "special parole term" of at least three years in addition to a term of imprisonment for violation of § 841(a)(1); whereas, after November 1, 1987, the statute required a term of "supervised release". As Yearwood committed his crime prior to November 1, 1987, the imposition of a period of supervised release was illegal. *United States v. De Los Reyes*, 842 F.2d 755 (5th Cir.1988); *See United States v. Byrd*, 837 F.2d 179 (5th Cir.1988). Therefore, Yearwood must be re-sentenced in accordance with the former law, which mandated a special parole term. *De Los Reyes* at 758; *Byrd* at 182.

Yearwood contends that the Court erred in imposing the special assessment because the legislation authorizing the assessment, 18 U.S.C. § 3013, violates the Origination Clause, Article 1, Section 7, of the Constitution. The Origination Clause provides that: "All Bills for raising Revenue shall originate in the House of Representatives; but the Senate may propose or concur with Amendments as on other Bills."

 Yearwood asserts that § 3013 is a revenue measure that improperly originated in the Senate, citing *United States v. Munoz–Flores*, 863 F.2d 654 (9th Cir.1988). Considering that *Munoz–Flores* has been rejected by several district courts for sound reasons, this Court declines to follow *Munoz–Flores* and joins the following district courts in finding the special assessment statute constitutional: *United States v. Greene*, 709 F.Supp. 636 (E.D.Pa.1989) (18 U.S.C. § 3013 was enacted for a purpose other than revenue raising); *United States v. Clark*, 711 F.Supp. 736 (S.D.N.Y.1989) (18 U.S.C. § 3013 was permissibly introduced in and passed in the House of Representatives before it was adopted by the Senate two days later); *United States v. McDonough*, 706 F.Supp. 692 (D.Minn.1989) (the special assessment statute is not a revenue raising bill); *United States v. Hines*, 44 Cr.L.Rep. 2419, 1989 WL 16565 (S.D.N.Y. Feb. 22, 1989) (18 U.S.C. § 3013 is not a revenue bill, but a penalty); *United States v. Ramos*, 624 F.Supp. 970, 973 (S.D.N.Y.1985) (18 U.S.C. § 3013 only incidentally raises revenue).

Accordingly,

IT IS ORDERED that defendant's Motion for Correction of Sentence Pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure is GRANTED IN PART. Only that portion of the sentence imposing a term of supervised release is VACATED. Defendant, Brian Yearwood, shall appear for re-sentencing before this District Court on WEDNESDAY, JULY 19, 1989 at 2:00 p.m.

IT IS FURTHER ORDERED that the Clerk of Court issue a writ of habeas corpus ad prosequendum to the Warden of the Federal Prison Camp, Eglin, Florida 32542–7606 ordering him to surrender the body of Brian Yearwood, Prisoner No. 20269–034, for re-sentencing on WEDNESDAY, JULY 19, 1989 at 2:00 p.m.