898 F.2d 154
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John LEAVIS, Petitioner-Appellant,
v.
O.I. WHITE, Warden, Respondent-Appellee.
 No. 89-5791.
 United States Court of Appeals, Sixth Circuit.
 March 14, 1990.
 
 1
 Before KENNEDY and RYAN, Circuit Judges, and ANN ALDRICH, District Judge.*
 
 ORDER
 
 2
 This pro se federal prisoner appeals the district court's order dismissing his petition seeking a writ of habeas corpus under 28 U.S.C. Sec. 2241. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Petitioner is confined at the Federal Correctional Institution in Memphis, Tennessee and filed his habeas corpus petition alleging that he is being held beyond his proper release date because the Bureau of Prisons has not given him credit for time he was in the custody of the United States Marshal purportedly on a writ of habeas corpus ad prosequendum. The district court denied the relief sought on the basis that petitioner had not first exhausted his administrative remedies through the Bureau of Prisons.
 
 
 4
 Based upon a careful review of the record as well as the briefs, this court concludes that the district court properly dismissed the petition for lack of exhaustion. Federal prisoners complaining of events or conditions of confinement must exhaust their administrative remedies before habeas corpus relief may be granted. See Little v. Hopkins, 638 F.2d 953, 954 (6th Cir.1981) (per curiam). This requirement applies to disputes over sentence credit computation. See Chua Han Mow v. United States, 730 F.2d 1308, 1313-14 (9th Cir.1984), cert. denied, 470 U.S. 1031 (1985).
 
 
 5
 The record clearly reflects that petitioner has not exhausted his available administrative remedies. The crediting of jail time to a prisoner's sentence is governed by statute. See 18 U.S.C. Sec. 3568; 28 C.F.R. Secs. 523.1 to 523.17. Moreover, it is the administrative responsibility of the Attorney General, the Department of Justice, and the Bureau of Prisons to compute sentences and apply credit where it is due. See United States v. Norman, 767 F.2d 455, 457 (8th Cir.1985); United States v. Clayton, 588 F.2d 1288, 1292 (9th Cir.1979). Petitioner may pursue his claim for relief within the Bureau of Prisons. Because petitioner has not demonstrated any reasonable basis for his failure to exhaust his administrative remedies and in light of the available administrative remedy and the adequacy of that remedy in providing the relief sought, exhaustion would not be futile. See McKart v. United States, 395 U.S. 185, 200 (1969); Goar v. Civiletti, 688 F.2d 27, 28-29 (6th Cir.1982).
 
 
 6
 Accordingly, the district court's order of dismissal is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Ann Aldrich, U.S. District Judge for the Northern District of Ohio, sitting by designation