**UNITED STATES of America, Plaintiff,**

v.

**Michael ANDERSON, Defendant.**

**No. 87–Cr–155.**

United States District Court,
E.D. Wisconsin.

Jan. 8, 1992.

Paul Kanter, Asst. U.S. Atty., Milwaukee, Wis., for plaintiff.

David E. Lowe, Milwaukee, Wis., for defendant.

## DECISION AND ORDER

TERENCE T. EVANS, Chief Judge.

I last wrote about the federal sentencing guidelines in a decision issued on February 22, 1991. *United States v. Scott,* 757 F.Supp. 972 (E.D.Wis.1991). In *Scott* I expressed my view that the guidelines were not working and that Congress should revisit them and conclude that they are an experiment that has failed.

While I could have written about the guidelines and the problems I see with them in a number of cases since February 22, I have held my tongue and refrained from making critical comments. But this case, especially the further proceedings ordered on October 10, 1991, by the court of appeals,[1] merits a word or two.

Michael Anderson was convicted by a jury on charges that he was a major player in a far-reaching conspiracy to distribute cocaine and import marijuana. According to the sentencing guidelines, Mr. Anderson was in criminal history category 2 for sentencing purposes because he had one prior felony conviction that had resulted in a prison sentence of more than one year. Mr. Anderson's prior conviction, however, was not your run-of-the-mill felony. It was a doozey. Mr. Anderson had previously been convicted of a brutal execution-style murder on the streets of Chicago. According to the PSR, Mr. Anderson was a member of a Chicago street gang—the Satan Lovers—in 1969 when he put four shots into the back of the head of 17–year–old Charles Strong while Strong was lying on the sidewalk. Mr. Anderson was imprisoned for the offense from 1969 until June 1, 1981.

---

**1.** *United States v. Morrison,* 946 F.2d 484 (7th Cir.1991).

 

When Mr. Anderson appeared before me for sentencing, I determined that his placement in criminal history category 2 "seriously underestimated" the severity of his record, and accordingly I bumped him up to a higher criminal history category—category 6—and sentenced him accordingly. I reasoned that the Sentencing Commission could not have been so foolish as to lump every conviction which resulted in a sentence of more than one year into the same range. It seemed absurd to me to suggest that someone who had previously been convicted of murder would have to be considered, for criminal background purposes, in the same fashion as a nonviolent forger. But apparently I was wrong. The court of appeals has determined that the *nature* of Mr. Anderson's prior conviction cannot form the basis for a move to a higher criminal history category under the guidelines.

I find some solace in the fact that the court of appeals also felt that the situation created by this case was ridiculous. The court of appeals noted:

> We are inclined to agree with the district court that the practice of weighing identically all prior sentences of a length greater than one year is somewhat indiscriminate, but to allow upward departures on the basis of the nature of a considered offense would render that very choice meaningless.... However appalled we are by Anderson's criminal past, and however much we might believe that the guidelines ought to be more discerning about the nature of a defendant's criminal past, we cannot find support for the district court's upward departure in the guidelines.

*United States v. Morrison*, 946 F.2d 484, 496 (7th Cir.1991).

So, Mr. Anderson will have to be returned to court to be resentenced as a lowly category 2 defendant under the guidelines. Just last week I sentenced another defendant who was also in category 2, and he got there because he had a shoplifting conviction 5 years ago and failed to appear in court to answer the charge. The federal sentencing guidelines, which allow these absurdities to exist, should be repealed.

Resentencing for Mr. Anderson will take place on February 24, 1992, at 4:30 p.m. The United States Attorney is directed to draft an appropriate order for the production of Mr. Anderson.

SO ORDERED.