962 F.2d 12
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Manfred Lewis ESTES, Appellant,
v.
UNITED STATES OF AMERICA, Appellee.
 No. 91-3388.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: April 3, 1992.
Filed: May 1, 1992.
 
 Before JOHN R. GIBSON, FAGG, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Manfred Lewis Estes, a federal inmate, appeals from the district court's[1] dismissal of his 28 U.S.C. § 2255 motion to vacate his sentence. We affirm.
 
 
 2
 In 1986 Estes was sentenced to twenty years in prison. As a result of Estes's first section 2255 motion, see Estes v. United States, 883 F.2d 645 (8th Cir. 1989) (remanding for hearing on whether Estes requested counsel to file direct appeal), the district court resentenced Estes, sua sponte reducing the prison term to fifteen years. The court explained the shorter sentence as more in keeping with the standards set forth in the Sentencing Guidelines for a similar offense. Estes appealed the sentence, and this court affirmed. United States v. Estes, No. 89-5554 (8th Cir. May 31, 1990) (unpublished per curiam).
 
 
 3
 In April 1991 Estes filed the instant motion, claiming that counsel was ineffective at resentencing for not ensuring that the court credit him with time served, including accrued good time. The district court dismissed the motion as frivolous. Estes then filed a motion for reconsideration, which the court denied. Estes timely appealed.
 
 
 4
 The provisions governing credit for time served in this case are found in 18 U.S.C. § 3568 (repealed but applicable to offenses committed before Nov. 1, 1987). Section 3568 provided that "[t]he Attorney General shall give [the convicted] person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed" (emphasis added). Thus, the sentencing court was not authorized to grant the credit Estes sought. See United States v. Norman, 767 F.2d 455, 457 (8th Cir. 1985) (per curiam) (only Attorney General has authority to grant credit under section 3568). It therefore plainly appeared from the face of the motion that Estes was not entitled to relief. See Rule 4(b) of the Rules Governing Section 2255 Proceedings.
 
 
 5
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Patrick A. Conmy, Chief Judge, United States District Court for the District of North Dakota