977 F.2d 582
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Vincent Victor ROGGIO, Petitioner-Appellant,
v.
J.J. CLARK, Warden, Respondent-Appellee.
 No. 92-5142.
 United States Court of Appeals, Sixth Circuit.
 Oct. 14, 1992.
 
 Before DAVID A. NELSON and SILER, Circuit Judges, and MILES, Senior District Judge.*
 ORDER
 Vincent Victor Roggio, through counsel, appeals the district court's order denying his petition for a writ of habeas corpus which he filed pursuant to 28 U.S.C. § 2241. This is the second habeas petition that Roggio has filed in the United States District Court for the Western District of Tennessee. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 In this second petition, Roggio sets forth the following arguments in support of habeas relief: 1) he was provided ineffective assistance of counsel at trial because of counsel's failure to adequately interview witnesses and examine documents in the government's possession relevant to the charges; 2) he was indicted on the basis of noncriminal conduct; 3) he was denied his Sixth Amendment right to present a defense; and 4) a motion under 28 U.S.C. § 2255 is both inadequate and ineffective to pursue his remedies in his case. After discussing the procedural history of the matter, the district court determined that Roggio had not shown that § 2255 was an inadequate and ineffective remedy which would thereby allow him to bring a petition for habeas relief under § 2241. Notwithstanding this finding, the court determined that it would not exercise its "discretion" to transfer the petition to the sentencing court in Florida, because "one such frivolous petition at a time is sufficient," and none of the legal arguments in the petition contained substantive arguments which would entitle Roggio to habeas relief. The court concluded that "it is therefore not in the interests of justice for this case to be filed here and then transferred to the sentencing court."
 
 
 1
 Upon review, this court concludes that the district court correctly analyzed this claim as one under § 2255, because Roggio is challenging the validity of his conviction and the imposition of sentence. 28 U.S.C. § 2255; Cohen v. United States, 593 F.2d 766, 771 (6th Cir.1979). The mere fact that the sentencing court has rejected his claims, on the merits, does not render a § 2255 remedy inadequate, as Roggio alleges in his petition. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988); Johnson v. Petrovsky, 626 F.2d 72, 73 (8th Cir.1980) (per curiam). Roggio's claim of bias has an available remedy by way of a motion for recusal or disqualification of biased judges in the district or circuit where Roggio claims such bias exists. 28 U.S.C. §§ 144, 145 and Rule 4(a) Advisory Committee's note, 28 U.S.C. foll. § 2255.
 
 
 2
 Here the district court examined the merits to decide whether to dismiss the case or to transfer the case to Florida. 28 U.S.C. § 1631. Because the district court admitted it lacked jurisdiction, the court should not have examined the merits. See Christianson v. Colt Indus. Oper. Corp., 486 U.S. 800, 818-19 (1988). The district court could have transferred the case to the Southern District of Florida, but it need not be a conduit for all of petitioner's cases. Thus, it was not an abuse of discretion to refuse to transfer the case.
 
 
 3
 The district court's judgment dismissing the petition is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Wendell A. Miles, Senior U.S. District Judge for the Western District of Michigan, sitting by designation