977 F.2d 586
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
John A. BELLOVICH, Appellant.
United States of America, Appellee,
v.
John Edward Gravelle, Appellant.
 Nos. 92-1299, 92-1303.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: October 12, 1992.
Filed: October 15, 1992.
 
 Before FAGG, Circuit Judge, LAY, Senior Circuit Judge, and BOWMAN, Circuit Judge.
 PER CURIAM.
 
 
 1
 John Edward Gravelle and John Allen Bellovich conspired to manufacture, distribute, and possess with intent to distribute marijuana, a violation of 21 U.S.C. § 846. In this appeal Gravelle challenges his conviction and sentence, while Bellovich challenges only his sentence. We affirm.
 
 
 2
 For reversal of his conviction, Gravelle seeks to raise a variety of search and seizure issues that were resolved against him prior to the entry of his guilty plea. By unconditionally pleading guilty, however, Gravelle waived his right to appeal these pre-trial search and seizure issues. Johnson v. Petrovsky, 626 F.2d 72, 73 (8th Cir. 1980) (per curiam) (a voluntary guilty plea waives all nonjurisdictional defects). We reject the suggestion that Gravelle may raise these issues on appeal, despite his unconditional plea of guilty, because the District Court did not explicitly inform him at the change-of-plea hearing that an unconditional plea of guilty would operate as a waiver of his pre-trial suppression issues. The District Court had no duty to so inform Gravelle, did nothing to mislead him, see United States v. Norman, 767 F.2d 455, 457 (8th Cir. 1985) (per curiam), and in fact conducted a change-of-plea hearing that more than satisfies the requirements of Rule 11(c) of the Federal Rules of Criminal Procedure. We conclude that Gravelle waived his right to appeal his suppression-of-evidence issues, and we therefore do not address them. Accordingly, his challenge to his conviction fails.
 
 
 3
 Gravelle seeks resentencing on the ground that his 52-month sentence is overly harsh in light of all the circumstances of his case. This sentence reflects an eight-month downward departure for substantial assistance from the 60-month mandatory minimum to which Gravelle otherwise would have been subject. Insofar as Gravelle argues that the District Court did not depart far enough downward, appellate review is not available. United States v. Sharp, 931 F.2d 1310, 1311 (8th Cir. 1991) (defendant may not appeal the amount of a downward departure for substantial assistance).
 
 
 4
 Further, having considered the sentencing issues raised by Gravelle that are appealable, we conclude that none of them has merit. Although Gravelle makes much of the fact that his codefendant Bellovich received a lower sentence, we find that the District Court had a solid basis for treating the two men differently. It is clear they were not similarly situated, as Bellovich was the first defendant to agree to cooperate with the government. In addition, Gravelle was assessed a two-level increase for his possession of two automatic pistols and ammunition in connection with the offense of conviction. U.S.S.G. § 2D1.1(b)(1). Despite Gravelle's argument to the contrary, there is ample evidence to support the District Court's finding of such possession, and a fortiori that finding is not clearly erroneous. Finally, we reject as frivolous Gravelle's contention that the District Court did not adequately set forth its reasons for giving him a longer sentence than Bellovich; the record belies this contention.
 
 
 5
 Bellovich also argues that his sentence (36 months) is too harsh, and, like Gravelle, urges us to review the extent of the downward departure he received for substantial assistance. As pointed out above in our discussion of Gravelle's sentence, a defendant's challenge to the extent of his downward departure for substantial assistance presents an issue that is not subject to appellate review. Bellovich has raised no other issue for our review, and his challenge to his sentence thus affords him no basis for relief.
 
 
 6
 For the reasons stated above, the appealed conviction and sentence are affirmed.