985 F.2d 561
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Alfredo RIOS, Petitioner-Appellant,
v.
R.E. HONSTED, Warden, Respondent-Appellee.
 No. 92-1872.
 United States Court of Appeals, Sixth Circuit.
 Feb. 1, 1993.
 
 Before DAVID A. NELSON and BATCHELDER, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Alfredo Rios, pro se, appeals a district court order denying his petition for a writ of habeas corpus which was filed pursuant to 28 U.S.C. § 2241 and construed as a motion to vacate sentence pursuant to 28 U.S.C. § 2255. This is the second such motion to vacate that Rios has filed in federal district court. This court affirmed the denial of the previous motion to vacate filed under § 2255, by order dated February 12, 1992.
 
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Rios originally filed this action in the United States District Court for the Southern District of Georgia, as a petition for habeas relief pursuant to 28 U.S.C. § 2241. Upon full review of the petition, that court determined that the petition attacked the legality of Rios's conviction and sentence rather than the execution of the sentence and confinement. Thus, the court construed the petition as a motion to vacate sentence under § 2255. The case was then transferred to the Eastern District of Michigan, pursuant to 28 U.S.C. § 1404(a).
 
 
 4
 In this second "petition," Rios set forth the following issues: 1) whether an alleged disparity in sentencing was a violation of Rios's due process and equal protection rights under the law; 2) whether the disparity in sentencing violated his right to a jury trial because he received a harsher sentence for the reason that "he stood trial twice"; 3) whether his sentence was imposed out of vindictiveness because of the fact that he was the only co-conspirator in the case to stand trial; 4) whether there existed prosecutorial misconduct; 5) whether the identification procedure was unreliable in violation of Rios's Fourth and Fifth Amendment rights, because it was based on double hearsay; 6) whether his right to testify was violated when his attorney failed to call him to testify on his own behalf at trial; 7) whether a "recantation of the key witness' testimony" warrants a new trial; 8) whether his trial was unfair because of the prosecutorial misconduct and the recantation of the key witness' testimony, as set forth in allegations enumerated as four and seven, above; 9) whether he was provided ineffective assistance of counsel in violation of his Sixth Amendment right; 10) whether his allegation that he was precluded from testifying on his own behalf is sufficient ground for a new trial; and 11) whether the cumulative effect of all these grounds amounts to an illegal detention. The district court, in its order denying the application for a writ of habeas corpus, noted that all of the grounds were specifically addressed by the government in its answer and brief filed in opposition to the application and that each of the petitioner's concerns had been addressed in prior orders of that court. Therefore, the district court adopted the legal analysis contained in the government's response and denied the application on June 23, 1992.
 
 
 5
 The district court correctly analyzed the pleading as a motion to vacate sentence pursuant to § 2255, rather than a petition for habeas relief under § 2241, because Rios is essentially challenging the validity of his conviction and the imposition of sentence. A § 2241 petition is appropriate only when the petitioner is attacking events occurring after sentencing or when a § 2255 petition is shown to be inadequate or ineffective. 28 U.S.C. § 2255; Cohen v. United States, 593 F.2d 766, 771 (6th Cir.1979). Rios's argument, that he is filing under § 2241 rather than § 2255 because the district court judge denied his first § 2255 motion, does not render a § 2255 remedy "inadequate" under the statute. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988); Johnson v. Petrovksy, 626 F.2d 72, 73 (8th Cir.1980) (per curiam). Moreover, his allegations that the judge "incurred [sic] in misconduct and was an active participate in the violation of my rights" is not supported by the record, and Rios makes no further factual statements or allegations in support of his argument that this judge could not fairly review a § 2255 motion to vacate his sentence.
 
 
 6
 Rios has not shown a fundamental defect in the proceedings that inherently resulted in a complete miscarriage of justice or an error so egregious that it amounted to a violation of due process. United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam). Rios's claim that his sentence of fifteen years and a $20,000 fine was vindictive is not supported by the facts in the record. The imposition of the sentence was well within the statutory limits and, therefore, appellate review is "at an end." United States v. Frost, 914 F.2d 756, 774 (6th Cir.1990) (quoting Dorszynski v. United States, 418 U.S. 424, 431 (1974)). Lastly, Rios has not shown that his counsel's performance was deficient or that any deficient performance prejudiced his defense so as to render his trial unfair and the result unreliable. Strickland v. Washington, 466 U.S. 668, 687 (1984); Lewandowski v. Makel, 949 F.2d 884, 888 (6th Cir.1991).
 
 
 7
 All other issues which Rios raised in the district court have not been raised on appeal and, therefore, have been abandoned. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992).
 
 
 8
 Accordingly, the district court's order dismissing this motion to vacate sentence is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.