30 F.3d 134
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Frank A. NESBITT, Petitioner-Appellant,
v.
J.B. BOGAN, Respondent-Appellee.
 No. 93-2562.
 United States Court of Appeals, Sixth Circuit.
 June 21, 1994.
 
 Before: KENNEDY and SILER, Circuit Judges; and BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Frank A. Nesbitt, pro se, appeals a district court order dismissing his petition for a writ of habeas corpus which he filed under 28 U.S.C. Sec. 2241. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In February of 1990, Nesbitt entered into a plea agreement with the government, in which he pled guilty to transmitting classified national defense information in violation of 18 U.S.C. Sec. 793(d). In 1991, in the sentencing court in the Eastern District of Virginia, Nesbitt filed a motion to vacate his sentence pursuant to 28 U.S.C. Sec. 2255. The motion was denied, and the Court of Appeals for the Fourth Circuit affirmed that disposition in September of 1992. The United States Supreme Court denied Nesbitt's request for a writ of certiorari. We note that Nesbitt filed a previous habeas corpus petition in the Eastern District of Michigan in August of 1993. However, that petition was dismissed on the basis that Nesbitt's proper remedy for the grounds alleged was by way of a motion to vacate pursuant to Sec. 2255.
 
 
 3
 In his current Sec. 2241 petition, filed October 7, 1993, Nesbitt alleged that he should "never have been indicted, prosecuted nor allowed to plead guilty" to the offense for which he was convicted, because certain information on which his conviction was based could be located in the "public domain" and was not classified information. Nesbitt also argued that the district court failed to comply with procedures set forth in the Classified Information Procedures Act, because the court failed to review, item-by-item, the various documents that he now claims were outside of the purview of 18 U.S.C. Sec. 793(d). The district court considered the petition, set forth Nesbitt's prior writ history and determined that the proper remedy for his claim was through a motion filed under 28 U.S.C. Sec. 2255. The district court found that Nesbitt had not shown that a motion under Sec. 2255 would be inadequate or ineffective to remedy the alleged errors that took place in the trial court.
 
 
 4
 On appeal, Nesbitt raises the same issues that he raised in district court. He has also filed three motions: one requesting the appointment of counsel, one requesting oral argument, and one requesting a writ of habeas corpus ad testificandum. The respondent has filed a motion to dismiss the appeal on the ground that the district court certified that the appeal would be frivolous pursuant to 28 U.S.C. Sec. 1915(a). In support of its motion to dismiss, the United States Attorney has submitted a copy of a judgment issued by the district court in another case Nesbitt filed that has no relevance to the case now before this court for review. Therefore, the motion to dismiss is denied.
 
 
 5
 Turning to the district court's decision, the general rule is that a federal prisoner may file a petition for a writ of habeas corpus under 28 U.S.C. Sec. 2241 if he seeks to attack the execution of his sentence by challenging the computation of his parole or sentencing credit. United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir.1991). However, a federal prisoner seeking to challenge his conviction or the imposition of his sentence does not file a petition for a writ of habeas corpus, but a motion to vacate his sentence pursuant to 28 U.S.C. Sec. 2255, in the district court which imposed the sentence. Cohen v. United States, 593 F.2d 766, 770 (6th Cir.1979). Upon review, we conclude that Nesbitt has not shown that his remedy by way of a Sec. 2255 motion would be inadequate or ineffective so that his Sec. 2241 petition may now be considered. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988); Johnson v. Petrovsky, 626 F.2d 72, 73 (8th Cir.1980) (per curiam). Thus, the district court properly disposed of the petition on the basis that Nesbitt's proper remedy was by way of a Sec. 2255 motion filed in the Eastern District of Virginia, the court in which Nesbitt was convicted. The record now shows Nesbitt's present address in Virginia rather than in Michigan, so it would probably be easier for Nesbitt to have his case resolved in the Eastern District of Virginia, anyway, where the court records of his conviction are located. Further, in light of our affirmance of the district court's decision, Nesbitt's motions requesting the appointment of counsel, requesting oral argument, and requesting a writ of habeas corpus ad testificandum lack merit.
 
 
 6
 Accordingly, all pending motions are denied, and the district court's order dismissing Nesbitt's petition for habeas relief is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.