41 F.3d 1506
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Darryl Curtis JENKINS, Petitioner-Appellant,
v.
J.B. BOGAN, Respondent-Appellee.
 No. 94-1655.
 United States Court of Appeals, Sixth Circuit.
 Nov. 18, 1994.
 
 1
 Before: MARTIN and BATCHELDER, Circuit Judges, and ENSLEN, District Judge.*
 
 ORDER
 
 2
 Darryl Curtis Jenkins appeals a district court order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2241. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Pursuant to a plea agreement, Jenkins pleaded guilty to possession with intent to distribute crack cocaine and the use of a firearm during and in relation to a drug trafficking crime. The district court sentenced him to serve 78 months of imprisonment on the crack cocaine charge and a consecutive 60 month term of imprisonment on the firearm charge. This court dismissed Jenkins's appeal from his conviction and sentence for want of prosecution.
 
 
 4
 In 1991, Jenkins filed a motion to vacate sentence pursuant to 28 U.S.C. Sec. 2255, arguing that he did not understand the consequences of his guilty plea because of mental incompetency and that he received ineffective assistance of counsel. The district court denied the motion and this court affirmed that judgment on appeal. Jenkins v. United States, Case No. 91-2004 (6th Cir. Feb. 6, 1992).
 
 
 5
 Jenkins then filed his present petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2241. He argues that the district court improperly dismissed his Sec. 2255 motion to vacate and that he received ineffective assistance of counsel. The district court determined that the proper remedy for Jenkins's claims was a Sec. 2255 motion to vacate and not a petition for a writ of habeas corpus under Sec. 2241. Therefore, the district court dismissed the case. Jenkins has filed a timely appeal.
 
 
 6
 Upon review, we conclude that the district court properly dismissed Jenkins's petition for a writ of habeas corpus. The general rule is that a federal prisoner may file a petition for a writ of habeas corpus under 28 U.S.C. Sec. 2241 if he seeks to attack the execution of his sentence by challenging the computation of his parole or sentencing credit. See United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir.1991). A federal prisoner seeking to challenge his conviction or the imposition of his sentence does not file a petition for a writ of habeas corpus, but rather a motion to vacate his sentence under 28 U.S.C. Sec. 2255. Cohen v. United States, 593 F.2d 766, 770 (6th Cir.1979). As a review of Jenkins's petition reveals that he is clearly challenging the validity of his conviction, his claims should have been brought in a motion to vacate sentence under Sec. 2255. Merely because his first Sec. 2255 motion was denied does not render a Sec. 2255 remedy "inadequate" under the statute. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988); Johnson v. Petrovsky, 626 F.2d 72, 73 (8th Cir.1980) (per curiam).
 
 
 7
 Accordingly, we affirm the judgment for the reasons set forth in the district court's opinion and order filed on May 9, 1994. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Richard A. Enslen, U.S. District Judge for the Western District of Michigan, sitting by designation