76 F.3d 378
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael A. ANDERSON, Petitioner-Appellant,
v.
BOGAN, Warden, Respondent-Appellee.
 No. 95-1445.
 United States Court of Appeals, Sixth Circuit.
 Feb. 7, 1996.
 
 1
 Before: ENGEL and MILBURN, Circuit Judges, and WEBER, District Judge.*
 
 ORDER
 
 2
 Michael A. Anderson appeals a district court order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. The case has been referred to a panel of the court pursuant to Rule 9(a). Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In the United States District Court for the Eastern District of Wisconsin, a jury convicted Anderson of conspiracy to distribute cocaine and import marijuana. The United States Court of Appeals for the Seventh Circuit affirmed Anderson's conviction, reversed his sentence and remanded the case for resentencing. United States v. Morrison, 946 F.2d 484 (7th Cir.1991), cert. denied, 113 S.Ct. 826 (1992). On remand, the district court sentenced Anderson to ten and a half years of imprisonment. United States v. Anderson, 782 F.Supp. 80, 81 (E.D.Wis.1992).
 
 
 4
 Anderson filed his present petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that the district court improperly sentenced him under the provisions of the Sentencing Guidelines. The district court determined that Anderson's claim was more properly raised in a motion to vacate sentence under 28 U.S.C. § 2255 and, consequently, the court dismissed the case. Anderson has filed a timely appeal.
 
 
 5
 Upon review, we conclude that the district court properly dismissed Anderson's petition for a writ of habeas corpus. A federal prisoner may file a petition for a writ of habeas corpus under 28 U.S.C. § 2241 if he seeks to attack the execution of his sentence by challenging the computation of his parole or sentencing credits. See United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir.1991). A federal prisoner seeking to challenge his conviction or the imposition of his sentence does not file a petition for a writ of habeas corpus, but rather a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. See Cohen v. United States, 593 F.2d 766, 770 (6th Cir.1979). As a review of Anderson's petition reveals that he is clearly challenging the imposition of his sentence, his claim should have been brought in a motion to vacate sentence under § 2255. Anderson's § 2255 remedy is not rendered "inadequate" or "ineffective" under the statute merely because the sentencing court denied his prior § 2255 motion. See Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988); Johnson v. Petrovsky, 626 F.2d 72, 73 (8th Cir.1980) (per curiam).
 
 
 6
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Herman J. Weber, United States District Judge for the Southern District of Ohio, sitting by designation