Nathan H. COHEN, Plaintiff-Appellant,

v.

UNITED STATES of America et al., Respondents-Appellees.

No. 78–3284.

United States Court of Appeals, Sixth Circuit.

Argued Nov. 27, 1978.

Decided March 12, 1979.

A. Raymond Randolph, Jr., Sharp & Randolph, Washington, D.C., Shelby C. Kinkead, Jr., Arnold, Bulleit & Kinkead, Lexington, Ky., for plaintiff-appellant.

Patrick H. Molloy, U.S. Atty., C. Cleveland Gambill, Asst. U.S. Atty., Lexington, Ky., for respondents-appellees.

Before WEICK, Circuit Judge, PHILLIPS, Senior Circuit Judge, and GREEN *, Senior District Judge.

BEN C. GREEN, Senior District Judge.

 This is an appeal from the dismissal [1] of a petition for writ of habeas corpus, sought under 28 U.S.C. § 2241. The basis of the petition is the government's alleged failure to live up to the terms of a plea bargaining agreement as regards certain information to be conveyed to parole authorities. The action presents the question of what is the proper procedural vehicle by which such contention should be presented by a federal prisoner.[2] Also inherent in the case is the question of the affect which the alleged breach would have on the petitioner's right to parole.

Petitioner is serving three concurrent fifteen-year sentences under 18 U.S.C.

---

* The Honorable Ben C. Green, Senior District Judge, for the Northern District of Ohio, sitting by designation.

1. The order of dismissal was entered by the District Court upon adoption of a Magistrate's Report and Recommendation. The matter was determined by the Magistrate upon respondents' motion to dismiss the petition, without an evidentiary hearing being held. Consequently, the allegations of the petition must be considered as true for the purposes of this decision, and the recitations of fact contained herein are, for the most part, drawn from the petition.

2. At the time this action was commenced petitioner was confined at the Federal Correctional Institution at Lexington, Kentucky. At oral argument it appeared that petitioner had been transferred to the Allenwood prison at Lewisburg, Pennsylvania while this appeal was pending. Such transfer was a plain violation of Rule 23(a), Federal Rules of Appellate Procedure, which, in substance, requires an order of court before transfer of a prisoner having a habeas corpus proceeding pending review. That transfer does not operate to divest subject matter jurisdiction herein. *Hudson v. Hardy*, 137 U.S.App.D.C. 366, 424 F.2d 854 (1970).

§ 4208(a)(2) [3] imposed in the Eastern District of Virginia (February 23, 1976), Middle District of Florida (March 11, 1976) and the District of Delaware (March 18, 1976). In each jurisdiction petitioner entered a plea of guilty pursuant to a written plea agreement which was made a part of the record in the criminal proceeding.[4]

The salient portion of the plea agreements, which in substance were identical, was that the government attorneys in the several districts would "recommend that there not be a special offender or original jurisdiction designation of Nathan H. Cohen for parole purposes," [5] that they would "make known to the Parole Board the full extent and value to the government of information, cooperation and assistance, if any, provided by Nathan H. Cohen," [6] and that they would "make no unfavorable comments or recommendations to the Parole Board regarding the conduct or background of Nathan H. Cohen unless it is of a criminal nature presently unknown to the government and which becomes known to the government through persons other than Nathan H. Cohen."

On November 17, 1977 (approximately twenty months after the last sentence was imposed) a two-member Hearing Board of the United States Parole Commission determined that under the Commission's guidelines (28 C.F.R. § 2.20 (1976)) petitioner should serve a range of 26–36 months before release and that a decision outside the guidelines was not warranted.[7]

Under date of December 7, 1976, Mr. Robert Cooper, Regional Parole Commissioner in Atlanta, Georgia, responded to a letter from petitioner's counsel. Mr. Cooper's letter, in pertinent part, stated:

Please be advised that the hearing examiner panel and I were both aware of the plea bargain agreement which your client had with the Assistant United States Attorneys in this case. Paragraph E, Page 4, of the agreement indicates that "the United States Attorney for the District of Delaware agrees to recommend that there not be a special offender or original jurisdiction designation of Nathan H. Cohen for parole purposes under Section 2.17 of the Parole Board's guidelines . . . ." The United States Attorney has lived up to its [sic] agreement and has made such a recommendation; however, in view of the nature of the case, I have found it necessary to refer the case to the National Appeals Board in Washington for review.

It appears that certain statements made in Mr. Cooper's letter were a misrepresentation.[8] There are in this record letters dated December 6, 1976, from Mr. Cooper to the United States Attorneys in Delaware, Florida and Virginia. Those letters each stated:

As you know, Mr. Cohen entered a plea of guilty in March, 1976 in your district to the above case. Following this plea which came about through extensive plea bargaining, he received a 15-year (a)(2) sentence. This being the case, he is immediately eligible for parole, and he had a parole hearing at Lexington, Kentucky

---

3. Now 18 U.S.C. § 4205(b).

4. It appears that while the United States Attorney and an Assistant United States Attorney were parties to the agreements in each district the entire matter was coordinated by an attorney from the Criminal Division of the United States Department of Justice.

5. Petitioner asserts that referral to the Commissioner's original jurisdiction is normally reserved for especially severe cases and seriously diminishes the chances for parole.

6. Petitioner asserts that subsequent to entry of his guilty pleas he rendered valuable assistance to the government by testifying before two grand juries and by providing additional information to the Department of Justice and to the F.B.I.

7. On November 15, 1976 the staff of the Lexington Federal Correctional Institution had recommended that petitioner be paroled in accordance with the guidelines in light of petitioner's positive adjustment during his period of confinement.

8. District Judge Robinson in *Cohen v. Bell, infra,* found that at no time did any of the Assistant United States Attorneys affirmatively recommend that Mr. Cohen not be designated for original jurisdiction treatment.

on November 17, 1976. At that time it was determined that we did not have your Form 792 nor did we have a copy of the indictment listing the charges.

This is somewhat an unusual case, and I would appreciate your making the effort to get the 792 form in along with your parole comments and also please furnish us a copy of the indictment in order that we might complete our records.

No response was received from the office of the United States Attorney for the Eastern District of Virginia.

On behalf of the United States Attorney for the District of Delaware the same Assistant United States Attorney who had signed the plea bargain agreement responded, forwarding the requested documents. His letter of transmittal included the following:

As part of the plea agreement in Mr. Cohen's case . . . this office bound itself to make no statement in opposition to any application for parole made by or on behalf of Mr. Cohen. Consequently, I feel that to abide by the express terms of the plea agreement, I am foreclosed from making any statement whatsoever pertaining to Mr. Cohen's parole eligibility.

The response from the office of the United States Attorney for the Middle District of Florida (also signed by the Assistant United States Attorney who had been signatory to the plea agreement), under date of January 24, 1977, was equally clear in delivering its negative message by way of implication. In pertinent part that letter stated:

. . . I was taken somewhat by surprise since I did not anticipate that Cohen's guidelines would provide for imme-

diate eligibility for parole notwithstanding the fifteen-year (a)(2) sentence. . .

I am sorry that I cannot give you the parole comments you requested but as the attached plea bargain reflects, the United States is prohibited from making any unfavorable comments or recommendations to the Parole Board . . .

In that portion of Form 792 headed "U. S. Attorney's comments relative to parole" was inserted:

As per the plea agreement filed March 11, 1976 (see attached), the United States Attorney for the Middle District of Florida under paragraph 2f(1) is prohibited from making any unfavorable comments or recommendations to the Parole Board.

On March 9, 1977 the United States Parole Commission treating the case as one within its original jurisdiction affirmed a decision of the National Commissioners of December 16, 1976, denying Mr. Cohen parole and finding that a period of incarceration within the customary range of months to be served under the Commission's guidelines was inappropriate in plaintiff's case.[9]

Subsequent to the decision of the Parole Commission Mr. Cohen initiated an action in the United States District Court for the District of Columbia, *Cohen v. Bell*, No. 77–1003, seeking a declaratory judgment that the plea agreements had been violated and an injunction directing his release from prison after serving a term of 26 months. That action was dismissed upon motion of the government,[10] the district judge holding that:

. . . A declaratory judgment on the facts at hand would be inappropriate, and meaningless. Plaintiff has adequate remedies which he can pursue under 28 U.S.C. § 2241 or § 2255. Memorandum opinion, September 23, 1977.

**9.** The petition does not contain any specific allegations concerning a decision by the National Commissioners in December 1976, but does allege that on March 9, 1977, the Parole Commission affirmed the prior decision. The memorandum opinion in *Cohen v. Bell, infra,* does find as a fact that "on December 16, 1976, the National Commissioners accepted original jurisdiction, denied parole, and determined that a period of incarceration within the customary

range of months to be served under the Commission's guidelines was inappropriate in plaintiff's case."

**10.** Petition represents that in that action the government contended that his proper recourse to vindicate the alleged wrong would be to sue in the district of his confinement pursuant to 28 U.S.C. § 2241.

This action was commenced in the United States District Court for the Eastern District of Kentucky on October 25, 1977. Based upon the alleged violations of the terms of the plea bargain agreements petitioner sought an order directing that he be released after serving 26 months, the sentence indicated by the lower range of the Parole Commission's guidelines.[11]

Responding to the petition the government argued that any "allegations of violations of Rule 11 plea bargains are matters regarding the conviction which must be presented to the sentencing courts in petitions under 28 U.S.C. § 2255, and not § 2241." The government further contended, in essence, that in any event petitioner would not be entitled to relief because the parole authorities were aware of the plea bargain agreements and that any defaults by the prosecutors under the agreements would be inconsequential because the parole authorities were not bound to accept or rely upon recommendations and information from the prosecutors.

In the report and recommendation adopted by the District Judge, the United States Magistrate did not reach the merits of petitioner's claims. He did observe that "the exhibits appended to the subject petition, while not evidence, strongly suggest that, given an opportunity, the petitioner will be able to prove the truth of his allegations." However, he recommended dismissal for the reason that such claims should be asserted in the sentencing tribunals under 28 U.S.C. § 2251, and not by way of habeas corpus in the district of confinement. However, it would appear that this recommendation did not credit the government's theory that the court in the district of confinement was without jurisdiction over the subject matter for the recommendation (as adopted) was that the "action be dismissed, without prejudice to the right of the petitioner to institute a similar action after first presenting his claims to the sentencing courts as described herein." If the court in the district of confinement was without subject matter

jurisdiction there would be no purpose in the state dismissal without prejudice. Consequently, while it is not clearly articulated in the Magistrate's report and recommendation it must be assumed that the rationale of the dismissal was based on considerations akin to comity or abstention.

We find the dismissal to have been in error.

■ The remedy provided under 28 U.S.C. § 2255 is designed to permit a prisoner to attack alleged impropriety in the sentence as imposed upon him. In this case petitioner is not attacking the sentence itself. His contention is that the manner of execution of the sentence is unlawful by reason of the government's breach of the plea bargaining agreements. His theory appears to be that the parole process is tainted because the prosecuting attorneys have not conducted themselves vis-a-vis the Parole Board in accordance with their obligations under the plea bargaining agreements.

This court has recently held that:

Section 2255, however, does not grant jurisdiction to a district court over all post conviction claims, but has been conceived to be limited to those claims which arise from the imposition of the sentence as distinguished from claims attacking the execution of the sentence. The latter claim is cognizable solely under § 2241. *Wright v. United States Board of Parole*, 557 F.2d 74, 77 (1977).

That holding is reflective of the clearly prevailing rule that judicial review of events occurring after sentence is properly had under § 2241. *United States v. DiRusso*, 535 F.2d 673, 675 (1st Cir. 1976); *Gomori v. Arnold*, 533 F.2d 871, 875 (3d Cir. 1976), cert. den. 429 U.S. 851, 97 S.Ct. 140, 50 L.Ed.2d 125 (1976); *Zannino v. Arnold*, 531 F.2d 687, 689 (3rd Cir. 1976); *McNair v. McCune*, 527 F.2d 874, 875 (4th Cir. 1975); *Lee v. United States*, 501 F.2d 494, 499 (8th Cir. 1974); *Robinson v. United States*, 474 F.2d 1085, 1091 (10th Cir. 1973); *Ridenour v. United States*, 446 F.2d 57 (9th Cir. 1971);

---

11. As more than 26 months has elapsed since petitioner's initial confinement, that prayer

should now be read as seeking an order for his immediate release on parole.

*Allen v. United States,* 327 F.2d 58, 59 (5th Cir. 1964); *Freeman v. United States,* 103 U.S.App.D.C. 15, 16, 254 F.2d 352, 353 (1958). The decision in *Wright* (as well as the holdings in *DiRusso, Gomori, Zannino* and *Lee*) pertained to a challenge to actions of the Parole Board. The only distinction between *Wright* and this action is that in *Wright* the challenge was to acts of the Parole Board alone whereas in this case the conduct of the Parole Board is inextricably intertwined with that of the prosecuting attorney. That distinction in no way affects the fact that in both cases the petitioner's claim for relief is premised upon events taking place after sentence was imposed.

Consequently, we must find that the District Court erred in holding that alternative relief was available to petitioner pursuant to 28 U.S.C. § 2255 and in failing to exercise jurisdiction under 28 U.S.C. § 2241.[12]

Having determined that the district court erred in failing to exercise its jurisdiction under § 2241, the question next presented is what order should be entered in this case.

■ While the District Judge found in *Cohen v. Bell, supra,* that the prosecuting authorities had at least in part breached the plea agreements and although the present record strongly indicates that plaintiff can readily prove his factual allegations, at oral argument government counsel would not concede that breaches of the plea agreements had occurred. Consequently, the court may only order remand for evidentiary hearing.[13]

As this action must be returned to the District Court for further proceeding it is appropriate that we consider a second issue briefed and argued herein—the affect of any breaches of the plea bargaining agreements.

■ The leading decision on the question of the consequences of the failure of prosecuting authorities to abide by a plea bargain agreement is *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). In that case the sentencing judge specifically stated that he was not concerned with the alleged breach of a plea bargain agreement because he was "not at all influenced by what the District Attorney says." The Supreme Court held that notwithstanding such disclaimer the defendant would be entitled to relief if he established a breach of the plea agreement. The opinion holds:

> . . . [W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be a part of the inducement or consideration, such promise must be fulfilled.
>
> * * * * * *
>
> We need not reach the question whether the sentencing judge would or would not have been influenced had he known all the details of the negotiations for the plea. He stated that the prosecutor's recommendation did not influence him and we have no reason to doubt that. Nevertheless, we conclude that the interests of justice and appropriate recognition of the duties of the prosecution in relation to promises made in the negotiations of pleas of guilty will be best served by remanding the case to the state courts for further consideration . . . We emphasize that this is in no sense to question the fairness of the sentencing judge; the fault here rests on the prosecutor, not on

---

12. Even if it was assumed that subject matter jurisdiction over plaintiff's claims could be exercised under § 2255, we would find the District Court's failure to exercise its jurisdiction under § 2241 to be in error. Section 2255 does not preclude obtaining relief in habeas corpus when the remedy provided "by motion is inadequate or ineffective." We believe that requiring plaintiff to seek relief in three actions in three courts, none of which could grant complete relief, represents an inadequate and ineffective avenue for judicial redress. The factual issues presented under the petition are not so complex or far-ranging as to mandate separate hearings in the sentencing courts. It appears that, for the most part, the plaintiff's proofs could be obtained under the discovery procedures of the Federal Rules.

13. In other instances where breach of a plea agreement was established upon the record final relief has been ordered by the appellate courts. *Petition of Geisser,* 554 F.2d 698 (5th Cir. 1977); *Correale v. United States,* 479 F.2d 944 (1st Cir. 1973).

the sentencing judge. *Ibid.*, pp. 262–263, 92 S.Ct. at 499.

As the touchstone of *Santobello* is whether the prosecution met its commitment and not whether the court would have adopted the government's recommendation,[14] it necessarily follows that in this case the Parole Board's awareness of and/or disinclination to adopt the terms and conditions of the plea agreements would be irrelevant.

█ If the petitioner can establish that the government breached the terms of the plea agreement he is entitled to relief from the district court. It would appear to this Court that as, in all probability, petitioner will have been confined for more than 36 months at the time decision is rendered on the merits an appropriate order would decree petitioner's immediate release if he is able to prove his claim.

The decision of the District Court is reversed, and the action remanded for expeditious hearing on the merits.

---

14. *United States v. Grandinetti*, 564 F.2d 723, 725–726 (5th Cir. 1977); *Palermo v. Warden*, 545 F.2d 286, 295–296 (2nd Cir. 1976); *Harris v. Superintendent*, 518 F.2d 1173, 1174 (4th Cir. 1975); *United States v. Brown*, 500 F.2d 375, 377 (4th Cir. 1974); *Correale v. United States*, 479 F.2d 944, 949 (1st Cir. 1973).