891 F.2d 289
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Fred E. CHRISTIAN, Petitioner-Appellant,
v.
John GLUCH, Respondent-Appellee.
 No. 89-1442.
 United States Court of Appeals, Sixth Circuit.
 Dec. 6, 1989.
 
 Before BOYCE F. MARTIN, Jr. and ALAN E. NORRIS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and appellant's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Fred E. Christian moves for counsel and appeals from the district court's order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Following a jury trial, Christian was convicted of mail fraud, making false statements, and social security fraud. He received a three year sentence.
 
 
 3
 Christian claimed that his sixth amendment rights were violated when he unknowingly waived his right to counsel during trial. After reviewing the respondent's motion to dismiss, and Christian's answer, the district court dismissed the petition, deciding that Christian could not file a claim for relief under 28 U.S.C. § 2241 unless he could demonstrate that his 28 U.S.C. § 2255 remedy is ineffective or inadequate. The court decided that the challenge was to the validity of the conviction or imposition of sentence, and that a § 2255 petition was the proper means for seeking relief.
 
 
 4
 Upon consideration, we conclude that the district court correctly dismissed this petition as Christian failed to demonstrate that the remedy afforded by 28 U.S.C. § 2255 was inadequate to challenge the validity of his conviction. A challenge to the imposition of a sentence should normally be brought in a direct appeal from the judgment of conviction, or, if unsuccessful, as a claim to the sentencing court under 28 U.S.C. § 2255. Cohen v. United States, 593 F.2d 766 (6th Cir.1979). Christian cannot file a claim for relief under 28 U.S.C. § 2241 unless he demonstrates that his § 2255 remedy is ineffective or inadequate. Cohen, 593 F.2d at 771.
 
 
 5
 Christian failed to explain why § 2255 would not provide an adequate remedy for his claim. He appears to argue that he has carried his burden of demonstrating that the remedy available under § 2255 is inadequate by showing that he raised the issue unsuccessfully on direct appeal. However, the mere fact that the sentencing court has rejected a claim does not establish that the § 2255 remedy is inadequate. See Johnson v. Petrovsky, 626 F.2d 72, 73 (8th Cir.1980) (per curiam).
 
 
 6
 For these reasons, the motion for counsel is denied, and the district court's order is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.