929 F.2d 700
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Werner BRUCHHAUSEN, Petitioner-Appellant,
v.
J.J. CLARK, Warden, Respondent-Appellee.
 No. 90-6204.
 United States Court of Appeals, Sixth Circuit.
 April 1, 1991.
 
 W.D.Tenn., 90-02429, Gibbons, J.
 
 
 1
 W.D.Tenn.
 
 
 2
 AFFIRMED.
 
 
 3
 Before KENNEDY and RYAN, Circuit Judges, and FEIKENS, Senior District Judge.*
 
 ORDER
 
 4
 Werner Bruchhausen, a pro se federal prisoner, appeals the district court's dismissal of his petition for habeas corpus relief filed pursuant to 28 U.S.C. Secs. 2241-2256. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 5
 In 1987, Bruchhausen was convicted during a bench trial of wire fraud in the United States District Court for the Middle District of California. He was sentenced to a total of fifteen years imprisonment and was fined $15,000. His direct appeal is presently under review in the United States Court of Appeals for the Ninth Circuit.
 
 
 6
 Bruchhausen filed this habeas petition alleging that he has been denied his right to an appeal because his appeal "languishes" in the Ninth Circuit. Bruchhausen also complained that he has been unable to obtain a trial transcript. He requested that his conviction be overturned. The district court dismissed the petition for lack of jurisdiction, finding that the validity of Bruchhausen's conviction was an issue currently on appeal in the appropriate appellate court, and that it could not assume jurisdiction over Bruchhausen's appeal in the Ninth Circuit.
 
 
 7
 On appeal, Bruchhausen has filed a motion to expand the record and reasserts his claim that his conviction is invalid.
 
 
 8
 Upon review, we affirm the district court's judgment. Neither this court nor the United States District Court for the Western District of Tennessee has the statutory authority to review Bruchhausen's conviction. Cf. Cohen v. United States, 593 F.2d 766, 770 (6th Cir.1979) (a challenge to the legality of a conviction and sentence must be brought under 28 U.S.C. Sec. 2255 in the court that imposed the sentence). Only the Court of Appeals for the Ninth Circuit can review Bruchhausen's conviction and rectify any errors.
 
 
 9
 Accordingly, the motion to expand the record is denied as moot, and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John Feikens, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation