929 F.2d 700
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William Waddell BROWN, Jr., Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 90-6607.
 United States Court of Appeals, Sixth Circuit.
 April 4, 1991.
 
 E.D.Ky., No. 90-00182; Wilhoit, Jr., J.
 
 
 1
 E.D.Ky.
 
 
 2
 AFFIRMED.
 
 
 3
 Before RYAN and SUHRHEINRICH, Circuit Judges, and McRAE, Senior District Judge.*
 
 ORDER
 
 4
 This pro se federal prisoner appeals the district court's order denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2241. A motion for miscellaneous relief has also been filed. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 5
 Petitioner was convicted of two counts of illegal manufacture of a controlled substance in violation of Title 21 U.S.C. Sec. 841(a)(1) and one count of possession of a firearm by a convicted felon in violation of Title 18 U.S.C. Sec. 922(g)(1). It is unclear from the record what sentence was imposed, however, petitioner's sentencing court was the United States District Court for the Eastern District of Pennsylvania. Petitioner is presently incarcerated at the Federal Correctional Institute in Ashland, Kentucky.
 
 
 6
 In his habeas petition, petitioner alleged that his arrest and conviction were unlawful because:
 
 
 7
 the United States Drug Enforcement Administration and the United States District Court were without "jurisdiction" over petitioner, petitioner's private residence (place of occurrence of incident), or the subject matter [sic] inherent in this matter, and are in direct violation of Article I, section 8, et al, Article III, section 2, cl. 2 and cl. 3, Article IV, section 1 and section 2 as well as the Posse Comitatus Act of 1878.
 
 
 8
 The matter was referred to a magistrate who issued a report recommending that the petition be dismissed pursuant to 28 U.S.C. Sec. 1915(d) without prejudice to petitioner's right to seek relief in the sentencing court. The magistrate concluded that because all claims raised by petitioner challenged the imposition, rather than the execution, of petitioner's conviction and sentence, petitioner's claims were more properly the subject of a 28 U.S.C. Sec. 2255 motion to vacate sentence and should be presented to the sentencing court. Despite petitioner's timely objections, the district court adopted the magistrate's report and recommendation and entered an order accordingly. This appeal followed.
 
 
 9
 Upon review, we conclude that the district court properly denied petitioner's habeas petition. If a federal prisoner seeks to challenge his conviction or the imposition of his sentence, he does not file a petition for a writ of habeas corpus; rather, he files a motion to vacate his sentence under 28 U.S.C. Sec. 2255 in the district court which imposed the sentence. See Cohen v. United States, 593 F.2d 766, 770 (6th Cir.1979). Only claims attacking the execution of a sentence may be brought under the authority of 28 U.S.C. Sec. 2241. See Cohen, 593 F.2d at 770-71. Here, Petitioner's claims attacking his conviction as violative of his constitutional rights can only be brought under the authority of 28 U.S.C. Sec. 2255. Moreover, such claims may only be brought in petitioner's sentencing court, i.e., the United States District Court for the Eastern District of Pennsylvania. Thus, petitioner's claims are not the type subject to judicial review under 28 U.S.C. Sec. 2241.
 
 
 10
 Even assuming petitioner can establish grounds for bringing his claims under the authority of Sec. 2241, he has failed to exhaust his available administrative remedies. Federal prisoners complaining of events or conditions relating to their confinement must exhaust their administrative remedies before habeas corpus relief may be granted. See Little v. Hopkins, 638 F.2d 953, 954 (6th Cir.1981) (per curiam). Administrative remedies available to prisoners confined within the Bureau of Prisons are found at 28 C.F.R. Secs. 542.10 through 542.16. Here, the record clearly shows that petitioner has not exhausted his available administrative remedies. Thus, even assuming petitioner can bring his claims under the authority of 28 U.S.C. Sec. 2241, he has prematurely filed his petition for habeas corpus.
 
 
 11
 Accordingly, the motion for miscellaneous relief is denied and the district court's order is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert M. McRae, Senior U.S. District Judge for the Western District of Tennessee, sitting by designation