930 F.2d 918
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Eddie JACKSON, Petitioner-Appellant,
v.
Richard THORNBURGH, U.S. Attorney, Respondent-Appellee.
 No. 90-1896.
 United States Court of Appeals, Sixth Circuit.
 April 12, 1991.
 
 1
 Before KENNEDY and NATHANIEL R. JONES, Circuit Judges, and FORESTER, District Judge.*
 
 ORDER
 
 2
 Petitioner, Eddie Jackson, appeals an order of the district court which denied his motion to vacate sentence. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1986, Jackson was convicted by a jury of various narcotics offenses and was sentenced to thirty years imprisonment followed by a twelve year special parole term and imposition of a $100,000.00 fine. Jackson's conviction was affirmed by this court on appeal. See United States v. Jackson, et al., No. 86-1338, unpublished op. (6th Cir. May 15, 1987). A motion to correct an illegal sentence filed under the authority of Fed.R.Crim.P. 35(a) was denied and affirmed on appeal. See United States v. Jackson, No. 88-1054, unpublished op. (6th Cir. Feb. 9, 1989). A 28 U.S.C. Sec. 2255 motion to vacate sentence was denied by the district court and affirmed by this court. See Jackson v. United States, No. 89-1439, unpublished op. (6th Cir. Nov. 29, 1989).
 
 
 4
 On January 8, 1990, Jackson filed the pleading that forms the basis for this appeal, i.e., a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2241. In his petition, Jackson claimed that he is unlawfully confined because of irregularities in the grand jury proceedings in the underlying criminal case. He argued that the Government proposed one theory of law to the grand jury and another theory in the indictment. Specifically, he claimed that he was denied due process in that the indictment on which he was tried differed from the indictment returned by the grand jury that indicted him. The district court considered the 28 U.S.C. Sec. 2241 habeas corpus petition and determined that it should be treated as a 28 U.S.C. Sec. 2255 motion to vacate sentence because Jackson questioned the soundness of the grand jury proceeding in his case and challenged the validity of his sentence. The district court eventually denied the motion to vacate after finding that Jackson's claim lacked merit.
 
 
 5
 Jackson filed a timely notice of appeal from the order denying his motion to vacate. On appeal, Jackson raises the same claim. In addition, he argues that the district court erroneously converted his petition for a writ of habeas corpus into a 28 U.S.C. Sec. 2255 motion to vacate sentence.
 
 
 6
 Upon review, we affirm the district court's order for the reasons stated by that court as Jackson was not denied the rudimentary demands of fair procedure. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 110 S.Ct. 2212 (1990). The redaction of unnecessary sections of the indictment did not violate due process.
 
 
 7
 Upon further review, we note that because Jackson is challenging the validity of his conviction, rather that the conditions of his confinement, his petition was properly treated as a motion to vacate sentence pursuant to 28 U.S.C. Sec. 2255. See Cohen v. United States, 593 F.2d 766, 770 (6th Cir.1979).
 
 
 8
 Accordingly, the district court's order is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Karl S. Forester, U.S. District Judge for the Eastern District of Kentucky, sitting by designation