941 F.2d 1210
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Frank JOHNSON, Petitioner-Appellant,
v.
John C. GLUCH, Warden, Respondent-Appellee.
 No. 91-1231.
 United States Court of Appeals, Sixth Circuit.
 Aug. 14, 1991.
 
 1
 Before BOGGS, Circuit Judge, BAILEY BROWN, Senior Circuit Judge, and GIBBONS, District Judge.*
 
 ORDER
 
 2
 Frank Johnson, a federal prisoner, requests the appointment of counsel on appeal from the dismissal of his petition for a writ of habeas corpus filed under 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Johnson entered a guilty plea to a charge of conspiracy to distribute cocaine, and was sentenced to 37 months imprisonment and three years supervised release. In this petition filed in the district of his incarceration, he challenged the accuracy of his presentence investigation report, the effectiveness of his trial counsel, and the voluntariness of his plea. He noted in his petition that he had a motion to vacate sentence pursuant to 28 U.S.C. § 2255 pending in the sentencing court. The district court dismissed the petition for lack of jurisdiction, finding that the claims raised were properly the subject of a motion to vacate. On appeal, Johnson argues the merits of his claims, and asserts that relief under 28 U.S.C. § 2255 is inadequate because of the delay in ruling on his motion.
 
 
 4
 Upon review, it is concluded that this petition was properly dismissed. Claims challenging a conviction, as opposed to the execution of a sentence, are only cognizable in a motion to vacate filed in the sentencing court. Cohen v. United States, 593 F.2d 766, 770-71 (6th Cir.1979). A delay in ruling on a motion to vacate does not render that relief inadequate. See Tripati v. Henman, 843 F.2d 1160, 1163 (9th Cir.), cert. denied, 488 U.S. 982 (1988).
 
 
 5
 Accordingly, the request for counsel is denied and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Julia S. Gibbons, U.S. District Judge for the Western District of Tennessee, sitting by designation