941 F.2d 1210
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Eugene SZYMANSKI, Petitioner-Appellant,
v.
John GLUCH, Respondent-Appellee.
 No. 91-1477.
 United States Court of Appeals, Sixth Circuit.
 Aug. 14, 1991.
 
 Before BOYCE F. MARTIN, Jr. and DAVID A. NELSON, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se federal prisoner appeals the district court's order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Additionally, petitioner requests the appointment of counsel. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1987, petitioner was convicted by a jury of one count of conspiracy to distribute heroin and one count of distribution of heroin. He was sentenced to fifteen years in prison, was ordered to pay a $50.00 mandatory special assessment, and was given a five-year special parole term.
 
 
 3
 Construed broadly, petitioner alleged in his application for habeas relief that he was not a part of the conspiracy to distribute heroin. Petitioner also challenged the indictment upon which he was charged and made vague claims of fifth and sixth amendment violations. The district court held that because petitioner essentially challenged the imposition, rather than the execution, of petitioner's conviction and sentence, petitioner's claims were more properly the subject of a 28 U.S.C. § 2255 motion to vacate sentence. This appeal followed.
 
 
 4
 Upon review, we conclude that the district court properly denied petitioner's habeas petition. If a federal prisoner seeks to challenge his conviction or the imposition of his sentence, he does not file a petition for a writ of habeas corpus; rather, he files a motion to vacate his sentence under 28 U.S.C. § 2255. See Cohen v. United States, 593 F.2d 766, 770 (6th Cir.1979). Only claims attacking the execution of a sentence may be brought under the authority of 28 U.S.C. § 2241. Id. at 770-71. Here, petitioner's claims attacking the indictment upon which he was charged and his conviction as violative of his constitutional rights can only be brought under the authority of 28 U.S.C. § 2255. Petitioner does not allege, nor does there appear in the record, any reason why a motion to vacate pursuant to 28 U.S.C. § 2255, would be inadequate or ineffective to challenge the constitutionality of his conviction. See Id. at 771 n. 12.
 
 
 5
 Accordingly, the request for counsel is denied and the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.