33 F.3d 54
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Juan A. DELGADO, Petitioner-Appellant,
v.
J.B. BOGAN, Respondent-Appellee.
 No. 94-1301.
 United States Court of Appeals, Sixth Circuit.
 Aug. 12, 1994.
 
 Before: KENNEDY, RYAN and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This pro se federal prisoner appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2241. Additionally, Delgado requests the appointment of counsel. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In his application, Delgado challenges the legality of his federal sentences for various drug law convictions (21 U.S.C. Sec. 841(a)(1) and 21 U.S.C. Sec. 846). It is not clear from the record what sentence was imposed. The district court held that because all the claims raised by Delgado challenged the imposition, rather than the execution, of Delgado's convictions and sentences, Delgado's claims were more properly the subject of a 28 U.S.C. Sec. 2255 motion to vacate sentence and should be presented to the sentencing court.
 
 
 3
 Upon review, we conclude that the district court properly dismissed Delgado's habeas petition. If a federal prisoner seeks to challenge his conviction or the imposition of his sentence, he does not file a petition for a writ of habeas corpus; rather, he files a motion to vacate his sentence under 28 U.S.C. Sec. 2255 in the district court which imposed the sentence. See Cohen v. United States, 593 F.2d 766, 770 (6th Cir.1979). Only claims attacking the execution of a sentence may be brought under the authority of 28 U.S.C. Sec. 2241. Id. at 770-71. Here, Delgado's claims alleging ineffective assistance of counsel, insufficient evidence, and error on the part of the sentencing court in refusing to reduce his sentence based on his acceptance of responsibility, can only be brought under the authority of 28 U.S.C. Sec. 2255 in the district court which imposed his sentence. Delgado indicates in his application that he was convicted in the United States District Court for the Eastern District of Wisconsin. Therefore, a Sec. 2255 motion to vacate challenging the legality of his sentence would properly be filed in that court. Delgado does not allege, nor does there appear in the record, any reason why a motion to vacate pursuant to 28 U.S.C. Sec. 2255 would be inadequate or ineffective to challenge the constitutionality of his convictions. See Id. at 771 n. 12.
 
 
 4
 Accordingly, the request for counsel is denied, and the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.