36 F.3d 1097
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Fedele ACQUAVIVA, Petitioner-Appellant,
v.
Joe Ross DRISKELL, et al., Respondents-Appellees.
 No. 93-6605.
 United States Court of Appeals, Sixth Circuit.
 Sept. 20, 1994.
 
 Before: MARTIN and SUHRHEINRICH, Circuit Judges; and LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Claiming that he was improperly denied federal sentence credit for time spent in custody pursuant to a federal detainer, Fedele Acquaviva filed a petition under 28 U.S.C. Sec. 2241 for a writ of habeas corpus. Acquaviva now appeals the district court's dismissal of the petition. For the following reasons, we affirm.
 
 
 2
 On August 20, 1986, Acquaviva was indicted in the Western District of Texas for federal firearms violations. After he was arrested, and after he entered into a plea agreement, Acquaviva was released on bond. He failed to appear for sentencing. In 1987, he was indicted in the Western District of Texas for failure to appear.
 
 
 3
 On July 3, 1988, Tennessee authorities arrested Acquaviva and filed state charges against him for illegal manufacture of drugs, possession with the intent to distribute illegal drugs, and possession of a sawed-off shotgun. After his arrest on the state charges, Acquaviva nearly succeeded in making a commercial bond for his release. However, on August 24, a federal detainer was lodged against him based on the pending federal charges in Texas, and Acquaviva remained in state custody.
 
 
 4
 On December 12, Acquaviva pled guilty to the state charges and was sentenced to two three-year terms and one twenty-year term of imprisonment, with all sentences to be served concurrently. Acquaviva received sentence credit for the period from July 3 to December 12, 1988, which included his time in state custody on the federal detainer.
 
 
 5
 On December 23, federal authorities assumed temporary custody of Acquaviva under a writ of habeas corpus ad prosequendum. On March 3, 1989, Acquaviva was indicted in the Eastern District of Louisiana for federal controlled substance offenses, and remained in federal custody while assisting the government in another criminal prosecution.
 
 
 6
 Acquaviva subsequently entered into a plea agreement regarding the federal charges in Texas. The agreement was memorialized in a letter, dated March 17, 1989, from the Texas Assistant United States Attorney to the federal authorities in Louisiana. On November 1, Acquaviva was sentenced to five years and three months of imprisonment on the Louisiana charges. In entering judgment, the Louisiana district court stated that this sentence was to be served "concurrently with the state sentence," without further elaboration.
 
 
 7
 On November 17, the Texas district court sentenced Acquaviva to ten years of imprisonment, to be served concurrently with the previous federal sentence imposed in Louisiana. The Texas district court also dismissed the bond-jumping charge. On January 10, 1990, Acquaviva was returned to state custody for service of his joint sentences.
 
 
 8
 Acquaviva subsequently filed a motion under 28 U.S.C. Sec. 2255 in the Texas district court, claiming that he had been denied dual jail credit for time spent in federal custody, in violation of oral representations made by the federal government regarding his plea agreement, and also claiming that he was entitled to dual jail credit as a matter of law. The Texas district court denied this motion, stating that Acquaviva had not been sentenced in violation of his plea agreement, that the court had no jurisdiction over the jail credit issue, and that the court had intended that Acquaviva "be given credit for the jail time served in this [the Texas criminal] case." The district court suggested that Acquaviva file a petition for a writ of habeas corpus in the district in which he was being held, the middle district of Tennessee, with regard to the jail credit issue. On August 27, 1992, Acquaviva took this advice and filed a petition under 28 U.S.C. Sec. 2241 in the United States District Court for the Middle District of Tennessee.
 
 
 9
 In his petition, Acquaviva asserted that he should be given credit against his federal sentences for time spent in federal custody between August 24, 1988, and November 17, 1989. The district court referred the petition to a magistrate judge, who held a hearing on the matter on March 25, 1993. The district court subsequently vacated the order of reference, and, without giving Acquaviva the benefit of a hearing, entered an order dismissing the petition on October 14. Acquaviva filed a motion for reconsideration, arguing that he was entitled to a hearing for the purpose of developing his claim that dual credit was contemplated in the Texas plea agreement, and asserting that he was entitled to dual credit as a matter of law. The district court denied the motion, and this timely appeal followed.
 
 
 10
 Initially, we note that we do not have jurisdiction over the issue of whether Acquaviva's sentence comported with the terms of his Texas plea agreement. Collateral review of presentencing events, such as the alleged oral representations by the federal government concerning the plea agreement in this case, is properly conducted under 28 U.S.C. Sec. 2255. Cohen v. United States, 593 F.2d 766, 770 (6th Cir.1979). Section 2255 provides that "a prisoner ... may move the court which imposed the sentence ... to ... correct the sentence." (emphasis added). In considering Acquaviva's Section 2255 motion, the Texas district court concluded that Acquaviva's sentence did not violate the understanding reached in his plea agreement, and Acquaviva did not appeal this decision. Accordingly, Acquaviva was precluded from revisiting this issue in the Tennessee district court.
 
 
 11
 We review the district court's decision not to hold an evidentiary hearing in a habeas case for an abuse of discretion. Doganiere v. United States, 914 F.2d 165, 168 (9th Cir.1990), cert. denied, 499 U.S. 940 (1991). Apart from the government's alleged oral representations, an issue over which we do not have jurisdiction, Acquaviva does not raise any factual issues with respect to the appropriateness of dual jail credit in this case. The district court was thus "able to evaluate his clai[m] on the basis of a conclusive record," as that claim solely concerned a matter of law. Id. at 168. The district court therefore did not abuse its discretion in failing to hold an evidentiary hearing.
 
 
 12
 Acquaviva asserts that, as a matter of law, he should be given credit against his federal sentences for time spent in federal custody between August 24, 1988, and November 17, 1989. The district court disagreed, and dismissed Acquaviva's Section 2241 petition. We review the district court's dismissal of such a petition de novo. Robbins v. Christianson, 904 F.2d 492, 494 (9th Cir.1990).
 
 18 U.S.C. Sec. 3585(b) provides that:
 
 13
 A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
 
 
 14
 (1) as a result of the offense for which the sentence was imposed;
 
 
 15
 or
 
 
 16
 (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
 
 
 17
 that has not been credited against another sentence.
 
 
 18
 (emphasis added). As the Supreme Court recently observed in dicta, "Congress made clear [in Section 3585(b) ] that a defendant could not receive a double credit for his detention time." United States v. Wilson, 112 S.Ct. 1351, 1356 (1992). Here, it is undisputed that Acquaviva has received full credit against his state sentence for the time he spent in federal custody. Accordingly, the district court did not err in dismissing Acquaviva's petition.
 
 
 19
 For the foregoing reasons, the judgment of the district court is affirmed.