76 F.3d 379
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Billie Clem RAE, Plaintiff-Appellant,
v.
Mark H. LUTTRELL, Warden, Defendant-Appellee.
 No. 95-5453.
 United States Court of Appeals, Sixth Circuit.
 Feb. 5, 1996.
 
 1
 Before: NELSON and BATCHELDER, Circuit Judges, and KATZ, District Judge.*
 
 ORDER
 
 2
 Billie Clem Rae, a federal prisoner, moves for the appointment of counsel and miscellaneous relief and appeals a district court judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2241. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Rae was convicted following a jury trial in the district court for the District of Columbia of use of interstate commerce facilities in the commission of murder for hire, mail fraud, bankruptcy fraud, and obstruction of justice. He was sentenced to a total of 154 months of imprisonment and fined $175,000. While his direct appeal was pending, he filed a petition for habeas relief under 28 U.S.C. § 2241 in the district court for the District of Columbia. The petition was dismissed on the ground that Rae was required to raise his claims by way of a 28 U.S.C. § 2255 motion to vacate following his direct appeal. After being transferred to a federal prison in Kentucky, Rae filed this petition for habeas relief or bail under 28 U.S.C. § 2241, alleging that the prosecutor in the underlying criminal trial had denied him access to his legal files and eliminated whites from the jury, that his conviction was not supported by the evidence, that he had been denied a speedy trial and a continuance, that he had received ineffective assistance of counsel, and that his medical needs were not being met at his place of incarceration. A magistrate judge recommended that the petition be dismissed. Despite being on notice that the failure to file objections would waive his right to appeal, Rae did not object to the magistrate judge's report. The district court adopted the magistrate judge's recommendation and dismissed the petition.
 
 
 4
 Upon review, we conclude that the district court's judgment must be affirmed on a number of grounds. Initially, Rae has waived the right to appeal by failing to object to the magistrate judge's report. See Thomas v. Arn, 474 U.S. 140, 155 (1985). Moreover, even if we were to review the ruling below, the dismissal would be affirmed because the type of claims raised by Rae may not be brought under 28 U.S.C. § 2241, which is reserved for challenges to the execution of a sentence, such as the computation of parole or sentence credits, and may not be used to challenge the validity of a conviction or the conditions of confinement. See Cohen v. United States, 593 F.2d 766, 770-71 (6th Cir.1979). Finally, the magistrate judge was also correct in concluding that this is an improper collateral attack on the judgment of the district court for the District of Columbia, which dismissed an identical petition. Cf. Mullis v. United States Bankruptcy Court, 828 F.2d 1385, 1392-93 (9th Cir.1987), cert. denied, 486 U.S. 1040 (1988).
 
 
 5
 For all of the above reasons, the motions for counsel and other miscellaneous relief are denied and the district court's judgment is affirmed. Rule 9(b)(3). Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable David A. Katz, United States District Judge for the Northern District of Ohio, sitting by designation