98 F.3d 1342
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Stanley L. MITCHELL, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-2289.
 United States Court of Appeals, Sixth Circuit.
 Oct. 1, 1996.
 
 Before: NORRIS, SUHRHEINRICH, and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Stanley L. Mitchell appeals a district court order denying his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1990, a jury found Mitchell guilty of distributing heroin in violation of 21 U.S.C. § 841(a)(1) and unlawful use of a telephone in violation of 21 U.S.C. § 843(b). The district court sentenced Mitchell to 168 months of imprisonment and three years of supervised release. On direct appeal, this court affirmed his conviction and sentence. United States v. Mitchell, No. 91-1002, 1992 WL 43538 (6th Cir. March 9, 1992) (unpublished per curiam), cert. denied, 506 U.S. 833 (1992).
 
 
 3
 In 1995, Mitchell filed a motion to vacate sentence, alleging that: 1) the district court improperly sentenced him as a career offender under the Sentencing Guidelines; and 2) his counsel rendered ineffective assistance by not objecting to the district court's conclusion that Mitchell was a career offender. The district court denied Mitchell's motion as meritless. The court subsequently denied Mitchell's motion for reconsideration. Mitchell has filed a timely appeal.
 
 
 4
 We initially note that, since Mitchell is challenging the imposition of his sentence, the district court properly construed his motion as being filed pursuant to 28 U.S.C. § 2255. Cohen v. United States, 593 F.2d 766, 770 (6th Cir.1979).
 
 
 5
 Upon review, we conclude that the district court properly dismissed Mitchell's motion to vacate sentence. In order to obtain habeas relief under § 2255 on the basis of nonconstitutional error, the record must reflect a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. Reed v. Farley, 114 S.Ct. 2291, 2297 (1994). In order to obtain relief under § 2255 for constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence in determining the petitioner's conviction. Brecht v. Abrahamson, 507 U.S. 619, 637 (1993); United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994) (per curiam).
 
 
 6
 Since Mitchell did not raise the claim concerning his sentencing as a career offender in his direct criminal appeal, he is now barred from seeking relief for that claim. A claim that could have been but was not raised on direct appeal may not be reviewed under § 2255 unless Mitchell demonstrates cause and actual prejudice to excuse his failure to do so. See United States v. Frady, 456 U.S. 152, 167-69 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). The failure to raise an issue at an earlier opportunity constitutes a waiver of the claim. See United States v. Walsh, 733 F.2d 31, 34-35 (6th Cir.1984). Mitchell has not argued cause to excuse his failure to raise this issue previously. Further, he has not suffered prejudice because his claim is without merit. The district court properly included Mitchell's 1970 conviction for assault when determining that he was a career offender because he was incarcerated for that offense until 1978. See United States v. Rasco, 963 F.2d 132, 136 (6th Cir.), cert. denied, 506 U.S. 883 (1992).
 
 
 7
 While Mitchell's ineffective assistance of counsel claim is properly reviewed in this § 2255 proceeding, see United States v. Allison, 59 F.3d 43, 46 (6th Cir.), cert. denied, 116 S.Ct. 548 (1995), his claim is without merit because he was not prejudiced by any allegedly deficient performance rendered by counsel. Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 8
 Lastly, we note that the government's attorney did not have any improper ex parte communication with the district court in this case.
 
 
 9
 Accordingly, this court affirms the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.