110 F.3d 66
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Reginald Lynn WARREN, Defendant-Appellant.
 No. 96-5048.
 United States Court of Appeals, Sixth Circuit.
 March 21, 1997.
 
 Before: KENNEDY, CONTIE, and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Reginald Lynn Warren appeals a district court order denying his "motion for order to release." The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1993, Warren pleaded guilty to using a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c) and the district court sentenced Warren to 120 months of imprisonment. Warren did not appeal his conviction or sentence. Instead, in 1994, he filed a motion to vacate sentence under 28 U.S.C. § 2255, alleging that: (1) his counsel rendered ineffective assistance by not filing a motion to suppress evidence and by encouraging Warren to plead guilty; and (2) police officers conducted an illegal search and seizure of his house. The district court denied the motion as meritless. Warren's subsequent appeal was dismissed for want of prosecution. (No. 94-6438).
 
 
 3
 Warren next filed a "motion of introduction of ineffective assistance of counsel" and a "motion to suppress," both of which the district court denied. Warren did not appeal this decision. Warren then filed his present "motion for order to release," again alleging that the police had illegally searched his house. The district court concluded that his claim was without merit and denied the motion. The court also noted that Warren had filed several previous frivolous challenges to his conviction and, consequently, restricted his ability to file future pleadings. Warren has filed a timely appeal, in which he requests release on bond pending appeal.
 
 
 4
 Initially, we note that, since Warren's "motion for order to release" is actually a challenge to his conviction, the motion is construed as a § 2255 motion to vacate. Cohen v. United States, 593 F.2d 766, 770 (6th Cir.1979). Further, since Warren does not challenge on appeal the portion of the district court's order restricting his ability to file future pleadings, any challenge to this decision is considered abandoned and not reviewable. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992).
 
 
 5
 Upon review, we conclude that Warren's motion is without merit. In his present petition, Warren is challenging the search and seizure of his home. However, Warren previously raised this claim in his first § 2255 motion and the district court determined that the issue was without merit. As nothing in the record indicates that the ends of justice would be served by reaching the merits in his present application, his motion is properly denied as a successive petition. See Sanders v. United States, 373 U.S. 1, 15 (1963).
 
 
 6
 Accordingly, this court denies as moot Warren's request for bond pending appeal and affirms the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.