Arthur SNEAD, Petitioner

v.

**WARDEN, F.C.I. ALLENWOOD,
Respondent**

**No. CIV.A. 1:CV–99–2181.**

United States District Court,
M.D. Pennsylvania.

Aug. 30, 2000.

Arthur Snead, FCI–Allenwood, White Deer, PA, pro se.

Cheryl J. Sturm, Westtown, PA, for Arthur Snead.

Kate L. Mershimer, U.S. Attorneys Office, Harrisburg, PA, for Warden of F.C.I. Allenwood, respondents.

## MEMORANDUM

CALDWELL, District Judge.

### I. *Introduction.*

Arthur Snead has filed a counseled petition for a writ of habeas corpus under 28 U.S.C. § 2241. He challenges the 1990 sentence imposed on him in the Eastern District of Pennsylvania for conspiracy to commit bank robbery, the substantive offense of bank robbery, and being a felon in possession of a firearm. The petitioner received a life sentence on the last conviction.

The government argues that, for the most part, the petition is procedurally barred because Snead had available to him the usual remedy under 28 U.S.C. § 2255 to make a collateral challenge to his conviction and did indeed file a 2255 motion which was not successful. The government also argues that the one claim cognizable under section 2241 is not meritorious.

For the reasons set forth below, we agree with the government and will deny this petition.

### II. *Background.*

In 1989, Snead and a codefendant, Robert Brant, were indicted for conspiracy to commit armed bank robbery and 12 counts of bank robbery. Snead was also charged with being a felon in possession of a firearm. At trial, he was found guilty of the firearms charge, acquitted of nine of the 12 bank robberies, and the jury deadlocked on the three remaining bank-robbery charges and the conspiracy charge. Snead was tried a second time and was found guilty of the latter charges. In February 1990, he was sentenced to 20 years on the bank robberies, five years on the conspiracy charge, and life imprisonment on the firearms charge, to run concurrently. He was also fined $500,000, ordered to pay $309,593 in restitution and to pay a $200 special assessment.

Snead took a direct appeal which was denied. He then filed a 2255 motion. In 1993, the trial court denied that motion. *See United States v. Brant,* 1993 WL 313369 (E.D.Pa.). His appeal of that denial was rejected, *see* 27 F.3d 559 (3rd Cir. 1994) (table), and so was his attempt at certiorari review in the Supreme Court. *See Brant v. United States,* 513 U.S. 904, 115 S.Ct. 268, 130 L.Ed.2d 186 (1994).

In March 1995, in connection with some unidentified proceeding, the trial judge refused to recuse himself after the petitioner charged that he was biased against him. *See United States v. Brant,* 1995 WL 118214 (E.D.Pa.).

This 2241 petition followed. Snead has raised the following grounds for relief, asserting that they have caused his sentence to be executed unconstitutionally. Except for the claims of trial-court bias and use of acquitted counts, none of them appear to have been raised previously. First, the United States Sentencing Commission has no procedure in place by which a defendant can invoke his right under 28 U.S.C. § 994(s) to petition the Commission to modify the United States Sentencing Guidelines. Second, the trial court imposed the life sentence without notice to the petitioner when the presentence report described the guideline range for imprisonment as between 210 and 262 months. Third, the trial court imposed restitution for bank robberies on which the jury acquitted the petitioner. Fourth, the trial court was biased against the petitioner, as evidenced by grounds two and three above and also by the court's decision to allow the government to use the bank robberies that the petitioner had been acquitted on in his first trial as overt acts for the conspiracy charge in his second trial. Fifth, trial counsel was ineffective in not appealing the lack of notice before the life sentence was imposed and in not appealing the imposition of restitution for crimes of which the petitioner had been acquitted.

III. *Discussion.*

A. *The Sentencing–Commission Claim Cognizable Under Section 2241.*

■ Snead contends that execution of the sentence is unconstitutional because the Sentencing Commission has no procedure in place to entertain a petition by a defendant under 28 U.S.C. § 994(s).[1] Section 994 deals with the duties of the Commission in not only promulgating but also revising the sentencing guidelines. The section lists the factors the Commission must consider. Subsection (s) allows input from sentenced defendants and provides as follows:

> The Commission shall give due consideration to any petition filed by a defendant requesting modification of the guidelines utilized in the sentencing of such defendant, on the basis of changed circumstances unrelated to the defendant, including changes in-
>
> (1) the community view of the gravity of the offense;
>
> (2) the public concern generated by the offense; and
>
> (3) the deterrent effect particular sentences may have on the commission of the offense by others.

28 U.S.C. § 994(s).

■ The short answer to the petitioner's argument is that no procedure need be in place for a defendant to invoke this subsection. In the face of the statutory language, we doubt that the Commission would ignore a petition from a defendant simply because it had not set up any procedural requirements for filing one. The petitioner would be in a better position if

he had at least attempted to petition the Commission but does not aver that he did so.

We also agree with the government's argument concerning this claim. Snead has not shown how the execution of his sentence has been adversely affected by his supposed inability to file a section 994(s) petition. In his traverse at pages 6 and 7, he asserts that a "petition under 28 U.S.C. § 994(s) asking for relief from the district court's overkill in departing upwards to a life sentence should have been available to Snead, but was not and is not." He also asserts that in a section 994(s) petition he could have tried to ameliorate the sentence by presenting to the Commission his claim that the sentence ignored the acquittals in the first trial.

There are two problems with this argument. First, as will be shown below, these claims are challenges to the sentence itself, not its execution, and should have been brought in a 2255 motion. Second, subsection 994(s) only authorizes a petition seeking to modify the guidelines, not the defendant's sentence. *See Bennett v. United States,* 2000 WL 10213 (S.D.N.Y.).[2]

B. *The Claims Attacking the Validity Or Imposition of the Sentence.*

■ The remaining claims attack the validity of the conviction or the validity of the sentence. Contrary to the petitioner's assertion, they do not attack the execution of the sentence. One of the claims attacks the trial court's ruling concerning the use of acquitted conduct as overt acts, an attack on the validity of the conviction. The remaining claims attack two of the trial

---

**1.** When the section 2241 petition was filed, the Commission had no members, and the original claim was that, in their absence, no section 994(s) petition could be considered. In his traverse, the petitioner concedes that Commissioners were appointed in January 2000. Hence, the claim now is that there is no procedure in place to entertain a petition.

**2.** Of course, our second point does not entirely preclude relief for a sentenced defendant. Assuming that he was successful in a section

994(s) petition in modifying the guidelines, and the sentencing Commission decides that any modification should be retroactive to defendants in his position, he could then seek to modify his sentence. *See Bennett, supra.* However, that relief would have to come under 18 U.S.C. § 3582(c)(2) from the sentencing court, not under section 2241 from a court in the district of the defendant's imprisonment.

court's sentencing decisions and the failure of trial counsel to contest those decisions on appeal, attacks on the validity of the sentence.

Since the petitioner's challenges are not to the execution of the sentence, but to the validity of the conviction and sentence, they should have been brought in a section 2255 motion in the sentencing court. *See United States v. Miller,* 197 F.3d 644, 648 n. 2 (3d Cir.1999); *United States v. Ocampo,* 1999 WL 551888, at \*1 n. 2 (E.D.Pa.)(an attack on the validity of a sentence must be brought under section 2255); *United States v. Garrick,* 1990 WL 56487 (D.N.J.)(same ruling for an attack on the validity of a conviction).

The difficulty for Snead, as the government argues, is that he already filed, and had considered, a section 2255 motion. Further, in 1996, the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214, amended section 2255 to require permission from the Third Circuit before filing a second 2255 motion and only if certain gatekeeping provisions added to section 2255 were met. The current section 2241 petition is therefore procedurally improper.

■ As the government argues, our reliance on the AEDPA is not impermissibly retroactive as to Snead's first 2255 motion, filed before the Act's effective date. In *United States v. Roberson,* 194 F.3d 408 (3d Cir.1999), the Third Circuit ruled that, when successive 2255 motions straddle enactment of the AEDPA, there is no impermissible retroactive effect if the defendant could not have filed a second 2255 motion under the standard that used to apply to successive motions, the cause-and-prejudice standard.

Under that standard, a second or successive 2255 motion could be entertained if the defendant showed: (1) cause for his failure to raise the claims previously; and (2) prejudice to his case as a result of that failure. *See McCleskey v. Zant,* 499 U.S.

467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991). Cause must be something external to the defendant. *See Caswell v. Ryan,* 953 F.2d 853 (3d Cir.1992). In the instant case, the petitioner cannot establish cause because he cannot show why he did not raise these claims in his earlier 2255 motion. *See Caswell, supra,* 953 F.2d at 862.

Finally, we note the petitioner's argument, citing *In re Dorsainvil,* 119 F.3d 245 (3d Cir.1997), that he should be allowed to pursue a section 2241 petition because his remedy under section 2255 is inadequate and ineffective. We also note his argument, based on *Cohen v. United States,* 593 F.2d 766 (6th Cir.1979), and *United States ex rel. Goldberg v. Warden,* 622 F.2d 60 (3d Cir.1980), that he is entitled to bring claims challenging the execution of a sentence with claims challenging the imposition of a sentence in one petition under section 2241. We reject these arguments.

We will issue an appropriate order.

### ORDER

AND NOW, this 30th day of August, 2000, it is ordered that:

1. The petition for a writ of habeas corpus under 28 U.S.C. § 2241 is denied.

2. The Clerk of Court shall close this file.