Mahfooz **RIZVI, Petitioner,**

v.

**Joseph CRABTREE, Warden, Federal Correctional Institution, Sheridan, Oregon, Respondent.**

No. Civ. 98–459–JO.

United States District Court, D. Oregon.

March 25, 1999.

Christine S. Dahl, Assistant Federal Public Defender, District of Oregon, Federal Public Defender's Office, Portland, OR, for petitioner.

Craig J. Casey, Assistant United States Attorney, District of Oregon, United States Attorney's Office, Portland, OR, for respondent.

## OPINION AND ORDER

**ROBERT E. JONES**, District Judge.

Petitioner, an inmate at the Federal Correctional Institution (FCI) located in Sheridan, Oregon, filed this action pursuant to 28 U.S.C. § 2241 on April 10, 1998. Petitioner seeks habeas corpus relief from this court on allegations that respondents have violated his constitutional rights by barring correspondence with his son, another federal inmate, housed in FCI Sandstone, Minnesota. On June 8, 1998, respondents filed an answer to the petition. On February 10, 1999, petitioner filed a memorandum of law in support of his. Based on a review of the pleadings, I conclude that petitioner's constitutional rights have been abridged and therefore grant the petition to the extent outlined below.

The facts are as follows. Petitioner and his son originally were housed at FCI Safford, Arizona on convictions of, among other things, conspiracy to import and distribute heroin, possession with intent to distribute heroin, and obstruction of justice. In January 1997, the Special Investigative Supervisor (SIS) was told by a informant that petitioner and his son, along with three other men, were planning an escape attempt.[1] Soon thereafter the men were placed in administrative segregation. They were not informed as to the nature of the allegations levied against them. The group was then transferred to a local county jail, where they remained in segregation until they were transferred to different institutions within the Bureau of Prisons ("BOP").

Petitioner initially was transferred to FCI Phoenix, where he spent another two months in administrative segregation, again without explanation for his transfer. At petitioner's request, the warden of FCI Phoenix met with petitioner, but told petitioner only that FCI Safford had requested his segregation. Petitioner was soon transferred to FCI Sheridan where he currently resides.

The BOP investigated the allegations and petitioner was notified by Jeff Wrigley, Acting Warden, FCI Safford, that he had been transferred and "placed under investigation for conspiring to breach institution security." (*See* Petitioner's Memorandum of Law in Support of Petition, Exhibit A.) When petitioner requested permission to correspond with his son, the Unit Team refused and told him for the first time that he had been accused of attempting to escape from FCI Safford. Petitioner denies involvement in the escape plot. Petitioner was not afforded a hearing before being transferred or before the subsequent ban on correspondence with his son.

Petitioner argues, among other things, that relevant case law and the BOP's own disciplinary procedures require certain procedural safeguards to be followed in dealing with allegations of this severity. This court agrees.

The United States Supreme Court has set forth certain minimum requirements of procedural due process that should be accorded prisoners: (1) advance written notice of the claimed violation; (2) a written statement of the fact finders as to the evidence relied upon and the reasons for the disciplinary action taken; and (3) an opportunity to call witnesses and present documentary evidence in defense, when to do so would not be unduly hazardous to institutional safety or correctional goals. *Wolff v. McDonnell,* 418 U.S. 539, 563–66, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Petitioner was not afforded these procedural requirements, and it appears that it would not have been unduly hazardous to institutional safety or correctional goals to have done so.

Furthermore, the BOP failed to follow its detailed regulations regarding mandatory disciplinary procedures when insti-

---

1. The exact nature of this information was submitted to the court under seal for review *in camera.*

tutional rules are alleged to have been violated. In his answer, respondent addresses the correspondence issue but not petitioner's due process claim on the original escape allegation. Respondent may be correct that "legitimate governmental interests in the order and security of penal institutions justifies the imposition of certain restrictions on inmate correspondence." *Procunier v. Martinez,* 416 U.S. 396, 412–13, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974). However, if the escape allegations were made in error, the subsequent ban on correspondence would not be a "legitimate" interest in the order and security of penal institutions. Affording petitioner the procedural requirements noted above would have been dispositive on this issue, but as the record now stands, petitioner was deprived of his due process.

Based on my review of both parties' briefs and the materials provided *in camera*, it is hereby ordered that the petitioner be permitted to correspond with his son subject to normal censorship and security measures unless respondent conducts a hearing regarding the veracity of the information leading to the petitioner's transfer. If respondent decides to conduct a hearing, petitioner must be allowed to dispute the allegations in their entirety consistent with the BOP's regulations [2] and the procedural requirements enumerated in *Wolff.*

---

**2.** The Bureau of Prisons has detailed regulations regarding mandatory disciplinary procedures when an infraction of institution rules is alleged. *See* 28 C.F.R. §§ 541.14, 541.17, and 541.22 (requiring incident report and investigation, hearing requirements, sanctions).