**Hitham ABUHOURAN, also known as Steve Houran, Petitioner–Appellant,**

v.

**R.L. MORRISON, Warden, Respondent–Appellee.**

No. 02–3427.

United States Court of Appeals, Sixth Circuit.

Sept. 18, 2002.

Before GUY and BATCHELDER, Circuit Judges; QUIST, District Judge.*

---

* The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

Hitham Abuhouran moves for pauper status on appeal from a district court judgment that dismissed his motion for habeas corpus relief filed under 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Abuhouran filed a motion for relief under 28 U.S.C. § 2241 in the district court alleging that prison officials have restricted his correspondence by mail with members of his family. The district court dismissed the motion sua sponte as without merit. Abuhouran filed a timely notice of appeal. On appeal, Abuhouran contends that he may properly challenge the conditions of his confinement under 28 U.S.C. § 2241.

Upon de novo review, *see Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir.1999), we will grant the motion for pauper status, and affirm the judgment for the reasons stated by the district court in its memorandum of opinion and order. Essentially, Abuhouran challenges conditions of his confinement more properly asserted in a civil rights action filed under the doctrine announced in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 390–97, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), rather than in a habeas corpus petition. *See Lewis v. Casey*, 518 U.S. 343, 355, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Heck v. Humphrey*, 512 U.S. 477, 481, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); *Cohen v. United States*, 593 F.2d 766, 770–71 (6th Cir.1979). The authority to the contrary cited by Abuhouran, *Rizvi v. Crabtree*, 42 F.Supp.2d 1024 (D.Or.1999), is unpersuasive and otherwise distinguishable.

For the foregoing reasons, the motion for pauper status is granted, and the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.